In the Matter of DAVID HENDERSON, an Infant.
SPENCE ALUMNÆ SOCIETY, Appellant; MARGARET HENDERSON, Respondent.
STATE BOARD OF CHARITIES, Appearing Amicus Curiæ.

*Adoption — application for order to compel disclosure of court wherein proceedings were had, title of proceedings and date of order, denied on discretion of court.*

Appeal from an order of the Supreme Court, made at the New York Special Term and entered in the New York county clerk's office on September 18, 1925, granting petitioner's motion for an order requiring the Spence Alumnæ Society to furnish petitioner or her attorney with the name of the court wherein proceedings for the adoption of David Henderson, an infant, were had, the title of the proceedings and the date of the order of adoption.

PER CURIAM: While the power of the court to require the furnishing of the information sought for in this proceeding is undoubted, still such power should be exercised only in a proper case and one which appeals to the discretion of the court. The present case is not such an one, and it sufficiently appears that the information desired should not be furnished to the petitioner. The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. Present — Clarke, P. J., Dowling, Merrell, McAvoy and Martin, JJ. Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

---

In the Matter of MARKUS LESSIN, Respondent, for a Writ of Mandamus Directed to the BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.

*Municipal corporations — New York city — mandamus to compel production of books relating to sidewalk elevator at high school, not authorized by General Municipal Law, § 51, or Greater New York charter, § 1545.*

Appeal from an order of the Supreme Court, made at the Bronx Special Term and entered in the Bronx county clerk's office on August 31, 1925, granting petitioner's motion for a peremptory order of mandamus, directing the board of education of the city of New York, by its president or other officer, to appear and attend at Special Term and produce at said time and place for the inspection and examination of the petitioner, all the records, etc., of the defendant respecting the inspection and condition of a sidewalk elevator forming part of the premises of Morris High School.

PER CURIAM: Neither section 51 of the General Municipal Law nor section 1545 of the Greater New York charter* is authority for the order entered herein. The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with fifty dollars costs. Present — Clarke, P. J., Dowling, Merrell, McAvoy and Martin, JJ. Order reversed, with ten dollars costs and disbursements, and motion denied, with fifty dollars costs.

---

* Laws of 1901, chap. 466, § 1545.— [REP.