reversed an order of the court at a Trial Term setting aside a verdict in favor of plaintiff and directing a dismissal of the complaint and reinstated said verdict. Plaintiff, an employee of a tenant of defendant, was struck by a descending elevator in its building and received the injuries complained of. There was evidence that the doors were out of order which left an open space into the shaft through which workmen were accustomed to shout for the elevator and that at the time of the accident plaintiff was calling through such opening. The trial court dismissed the complaint on the ground of contributory negligence but the Appellate Division held that that question should have been left to the jury.

*Robert H. Charlton* for appellant.

*L. H. Schleider, Leonard F. Fish* and *Frederic A. Behrens* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Not voting: CARDOZO, J.

---

In the Matter of DAVID HENDERSON, an Infant.

MARGARET HENDERSON, Appellant; SPENCE ALUMNÆ SOCIETY, Respondent.

*Adoption — parent and child — within discretion of Supreme Court to require charitable corporation to furnish mother of child left with it for adoption, with information as to the court in which adoption proceedings were had and the date and title thereof — improper exercise of discretion.*

*Matter of Henderson,* 215 App. Div. 652, affirmed.

(Argued January 14, 1926; decided February 24, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered October 23, 1925, which reversed an order of Special Term directing the respondent, the Spence Alumnæ Society, to furnish the petitioner, Margaret Henderson, or her attorney, with the name of the court wherein pro-

ceedings for the adoption of her child were had, the title of the proceedings and the date of the order of adoption. The Appellate Division held that while the court had power, in the exercise of a sound discretion, to require that the information be furnished, such power was improperly exercised in this case.

*Bernard H. Sandler* and *Ina Wollison* for appellant.

*Alfred Rathheim, John Caldwell Myers* and *Orlando P.. Metcalf* for respondent.

*Albert Ottinger, Attorney-General (George W. Davis* of counsel), for State Board of Charities.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

BENJAMIN GOLDMAN, Appellant, *v.* HENRY RUBINSTEIN, Respondent.

*Former adjudication — real estate brokers — commissions — license — judgment of Municipal Court, affirmed by Appellate Term, in action to recover commissions as real estate broker, res adjudicata in subsequent action against broker to recover penalty for so acting without license.*

*Goldman* v. *Rubinstein,* 214 App. Div. 791, affirmed.

(Argued January 15, 1926; decided February 24, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 12, 1925, which reversed an order of Special Term denying a motion by defendant for a dismissal of the complaint and granting a motion by plaintiff for judgment on the pleadings, denied the plaintiff's said motion and granted that of defendant. Defendant recovered judgment in the Municipal Court of the City of New York against plaintiff for commissions, as real estate brokers, for procuring a purchaser for plaintiff's drug store, which judgment was thereafter affirmed by the Appellate Term. Upon the appeal plaintiff raised the question that defendant was not a licensed real estate broker. Plaintiff has brought this action under section 442-f of the Real Property Law to recover from defendant