THE PEOPLE OF THE STATE OF NEW YORK ex rel. ELSIE SWASING, Relator, *v.* REBECCA TALBOT PERKINS ADOPTION SOCIETY, INC., Respondent.

Supreme Court, Nassau County, April 3, 1937.

*Arthur M. Milligan,* for the relator.

*Amy Wren,* for the respondent.

CUFF, J. Application for writ of habeas corpus. Petitioner is the mother of a child now almost three years old. Respondent is a society devoted to obtaining adoptions for homeless children. Petitioner on July 18, 1934, delivered her child to respondent and executed a written consent or release by which she " voluntarily and unconditionally, and not acting under any coercion," surrendered the child, " expressly giving and granting respondent full

power in its discretion to place said child in adoption" and consented "to such adoption without further notice to me." She also agreed not to "interfere with the custody or management of said child in any way."

Petitioner now seeks to know who has her child and where it is. This is important information in these circumstances. The foster parents of the child no doubt assumed that the mother meant what she subscribed to in the consent and release she executed and acted upon that assumption. Of prime importance was the commitment that the mother would not interfere with the new custody and that she wanted no notice of the adoption proceeding. It is contrary to the general principles of jurisprudence to permit a person to repudiate an agreement after another in good faith has acted upon that agreement. How often would people undertake an adoption if they knew that the mother would from time to time present herself at their home? There would be few, if any. That result would be a calamity. But petitioner claims that she has a right to know who has her child, although she forfeited that right by a duly executed unchallenged release and in spite of the lapse of over two years and eight months since she voluntarily surrendered the child. She urges section 1245 of the Civil Practice Act, which provides that upon the return of an order for a writ of habeas corpus the respondent must state "to whom * * * the transfer [of the prisoner] was made." That provision has no application where a release exists. No evidence has been offered that the child is under improper guardianship or is not being properly cared for. Petitioner simply wants to know where her child is. No valid reason appears why she desires this information. Obviously, she could be a source of great annoyance to the foster parents. There is no showing that the child will benefit by granting her the relief she seeks, but there is every reason to believe that the child's condition will not be improved. The child's interest and welfare are paramount. Good people who are willing to take a homeless child into their homes by way of adoption should be encouraged in their charity, and they deserve every protection which the court is capable of giving them in their exclusive custody of that child, and a particular effort should be expended to keep away from the home the child's parents and relatives, especially in cases like this, where the father is unaccounted for, the child born to persons not married, and where voluntarily the mother consents in blank to adoption without notice to her and covenants not to interfere with the custody established by adoption.

The writ in exercising my discretion is dismissed. (See *Matter of Henderson,* 215 App. Div. 652; affd., 242 N. Y. 516.)