THE FIRST NATIONAL BANK OF JERSEY CITY, Respondent, v. VALLEY STREAM DEVELOPMENT CO., INC., RUTH HARBER and MEYER FELDMAN, Appellants.— Order granting plaintiff's motion to strike out the answers and for summary judgment in an action to foreclose a mortgage and denying cross-motions of the three defendants to dismiss the second amended and supplemental complaint affirmed, with fifty dollars costs and disbursements. No opinion. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.

SAUL GUBERNICK, Respondent, v. ANGELO ULIANO and WALL STREET LAUNDRY, INC., Appellants.— In an action to recover damages for malicious prosecution, judgment in favor of plaintiff reversed on the law and a new trial granted, costs to appellants to abide the event. It was error to instruct the jury on the matter appearing in folios 352 to 354 of the record on appeal; and the modification thereof did not cure the error. It was error to charge the jury as a matter of law that the criminal prosecution ended in favor of the plaintiff. This is a question of fact that should not have been excluded from the jury's consideration. (*Petersen* v. *Metropolitan Life Ins. Co.*, 245 App. Div. 825; *Halberstadt* v. *New York Life Ins. Co.*, 194 N. Y. 1, 10, 11.) Although no exception was taken to this erroneous instruction, we direct attention to it inasmuch as we are granting a new trial on another ground. Hagarty, Davis, Johnston, Adel and Close, JJ., concur.

MARY HALE, Respondent, v. CITY OF NEW YORK, POLICE DEPARTMENT OF THE CITY OF NEW YORK, and LEWIS A. VALENTINE, Police Commissioner of the City of New York, Appellants.— Order granting respondent's application for an order directing the police department to furnish to respondent a copy of the police blotter report of an automobile accident reversed on the law, with ten dollars costs and disbursements, and the application denied, with ten dollars costs. The statutes do not require the furnishing of a copy of the police blotter to a petitioner without the consent of the police commissioner. (*Matter of Rippner*, N. Y. L. J. June 20, 1935, p. 3185, and cases cited therein: *Jahnke* v. *City of New York*, Id. Oct. 10, 1936, p. 1120; *Riker* v. *City of New York*, Id. Nov. 25, 1935, p. 2056.) The records of the police department of the city of New York are not public records within the contemplation of section 51 of the General Municipal Law. They are specifically exempted from the provisions of section 1545 of the Greater New York Charter that are applicable to other departments. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.