in law. The note in suit is merely a successor obligation to a note that was given for a just debt, concededly owing in the amount for which the first note was given. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.

CLARA YUDE, Appellant, v. JOSEPH CRUISE and Another, Defendants; CITY OF NEW YORK, Respondent.— Order denying appellant's application for a subpoena *duces tecum* directing the police department of the city of New York to produce at the trial of the action the records of the alleged accident which is the subject-matter of the suit, in so far as appealed from, affirmed, with ten dollars costs and disbursements. (New York City Charter, §§ 893, 894; *Hale* v. *City of New York*, 251 App. Div. 826.) Hagarty, Adel, Taylor and Close, JJ., concur; Lazansky, P. J., dissents, with the following memorandum: The subpoena *duces tecum* should issue. It is for the trial court to decide on the admissibility of the documents produced. (*Friedeberg* v. *Haffen*, 162 App. Div. 79; *Equitable Life Assur. Soc. of U. S.* v. *Mpasstas*, 256 id. 878.) Sections 893 and 894 of the City Charter do not hinder that procedure.

## FIRST DEPARTMENT, JANUARY, 1941.
### (January 10, 1941.) ■

N. J. BOOTS v. ERWIN, WASEY & COMPANY, INC., Impleaded, etc.— Motion granted. Order resettled and filed. [See 260 App. Div. 1003.] Present — Martin, P. J., Townley, Glennon, Untermyer and Cohn, JJ. [See *post*, p. 938.]

## FIRST DEPARTMENT, FEBRUARY, 1941.
### (February 7, 1941.) *

N. J. BOOTS v. ERWIN, WASEY & COMPANY, INC., Impleaded, etc.— Motion for resettlement of order entered January 10, 1941, denied. [See 260 App. Div. 1003; *ante*, p. 938.] Present — Martin, P. J., Townley, Glennon, Untermyer and Cohn, JJ. [See *Matter of Boots* v. *Martin*, 285 N. Y. ——.]

## FIRST DEPARTMENT, MARCH, 1941.
### (March 3, 1941.)

FICTIONEERS, INC., Appellant, v. GERALD ALBERT, Doing Business under the Name and Style of ALBING PUBLICATIONS, Respondent.— Order unanimously reversed, with twenty dollars costs and disbursements, and a preliminary injunction granted to the extent of restraining defendant from any further distribution of defendant's magazine " Red Mask," pending trial and determination of the action, on condition that plaintiff consent to an immediate trial. On plaintiff filing such consent, the case is set down at the head of the ready day calendar, Special