THE PEOPLE OF THE STATE OF NEW YORK ex rel. PHYLLIS M. HELLER, Relator, against SAUL I. HELLER et al., Defendants.*

Supreme Court, Special Term, New York County, January 26, 1945.

*Frank S. Hogan, District Attorney (Allen W. Leibson* of counsel), for application.

* See *People ex rel. Heller* v. *Heller,* 183 Misc. 630, affd, 268 App. Div. 976, and 184 Misc. 709.— [REP.

*James D. C. Murray* for relator.

*Jay Leo Rothschild* for defendants.

EDER, J. In this habeas corpus proceeding a subpœna duces tecum was served on the District Attorney of New York County requiring the production by him of records of conversations had with certain persons concerning matter which is said to relate to the subject of this proceeding and concerning evidence introduced in connection therewith.

The District Attorney has raised the claim of privilege and asks quashal of the subpœna, basing it upon the ground of public policy and also because the nonproduction of the records of his office for use in a civil action is the policy of his office. The policy of his office is of no controlling significance; the court is concerned only with the element of public policy.

My original impression was that this claim of privilege is not absolute but was subject to exception. The point having been first presented by objection when the Assistant District Attorney was called to the witness stand, and the question being one of importance, I withheld making a summary disposition and reserved decision.

I see no reason to change my views as expressed before recess time. My interim research of the law confirms my original views; nothing in the cases to which the court has been referred is in conflict with the ultimate conclusion I now reach and previously but tentative in decision.

In this State privilege is a matter of statute and the general rule is that there is no privilege in the absence of statute.

No statute has brought the District Attorney into the category of an attorney and client relationship with one dealing with him in that capacity and his right to assert the privilege of an attorney in respect to disclosures or revelations made to him while in the performance of his duty is made dependent solely on the ground of public policy, and it is upon this premise that *Lewis* v. *Roux Trucking Corporation* (222 App. Div. 204) and kindred cases rest.

The theory underlying the juridical promulgation of this rule is that the informer should be able to speak out his mind fully and fearlessly and that no disclosure should be permitted where it would be inimical to the public interest to do so. This is the general rule and like every general rule it is subject to exception in a proper case, for illustration, where the disclosure will not be inimical to the public interest, but would rather be conducive to and promotive of justice. Rapalje, in his splendid

dissertation on "Law of Witnesses", dealing with this subject under the title of "Privileged Communications" (ch. XXIII, § 276) thus succinctly states the exception to the general rule, and to which I fully subscribe: "Evidence of matters and things, the disclosure of which would be prejudicial to the public interests, is excluded by the law, from motives of sound public policy, and with a view to the permanence of the public safety. These matters are of two classes: (1) those which concern the administration of penal justice, and (2) those which concern the administration of the government. In both cases the ground of exclusion is the same, and where the public safety is in no way involved, the rule should not be applied."

He cites the leading case of *Worthington* v. *Scribner* (109 Mass. 487) which case fully reviews the leading authorities; this case is likewise cited in the *Lewis* case (*supra*). It is obvious that whether the privilege shall be extended, as is here asserted, must in each instance be determined by the particular facts and circumstances present. Nothing in the cases relied on by the District Attorney holds that the rule is an unyielding and inflexible one. Consequently, in view of the situation existing here, and because I believe it to be in the best interests of justice to do so, I overrule the claim of privilege and direct the District Attorney to produce the records of his office.