Bernard S. Meyer, J.
In this action for false arrest and for personal injuries sustained, it is claimed, through the use of excessive force in the making of the arrest plaintiffs move for discovery of any statement made by the arresting officer to the County Police Department or to the District Attorney. The first trial of the criminal charges against the infant plaintiff resulted in a mistrial and on second trial in a dismissal on grounds of double jeopardy. The county admits that the arresting officer made an official report to his commanding officer with regard to the arrest, but claims that section 2207 of the County Government Law (L. 1936, ch. 879) exempts the report from disclosure. The answering affidavit does not reveal whether any statement other than the official report referred to was made by the officer either to the Police Department or the District Attorney, nor does it specify reasons for confidentiality in this particular case. The claim is simply that “ it is an official confidential record. ’ ’
If it be assumed that it is still the rule under CPLR 3101 and 3120 that discovery may be had only of documents admissible *649 in evidence (as to which see Maiden v. Aid Carpet Serv., 43 Misc 2d 660; Bloom v. New York City Tr. Auth., 20 A D 2d 687), the report in question would nonetheless he discoverable in litigation not involving a unit of government because admissible as a report made in the regular course of business (Gutin v. Mascali & Sons, 11 N Y 2d 97, cf. Brecht v. City of New York, 14 A D 2d 790) and because it might reasonably contain admissions by the arresting officer (Ciaffone v. Manhattantown, 20 A D 2d 641; Cianci v. Board of Educ., 18 A D 2d 930). Is the official nature of the communication sufficient reason for denying to plaintiff the disclosure to which under the CPLR he would otherwise be entitled?
Section 66 of the Public Officers Law ‘ ‘ expresses a strong legislative policy to make available to public inspection and access all records or other papers kept ‘ in a public office, ’ at least where secrecy is not enjoined by statute or rule.” (Matter of New York Post Corp. v. Leibowitz, 2 N Y 2d 677, 686.) The policy is further evidenced by the broad definition of 11 public records ” to be found in section 144 of the Education Law and by section 51 of the General Municipal Law which makes “ All * # * papers connected with or used or filed in the office of, or with any officer, board or commission acting for or on behalf of any county * * * public records * * * open * * * to the inspection of any taxpayer.” Under the latter section, a taxpayer suing the city for water damage was held entitled to mandamus directing that the reports of engineers and other city employees relating to the bursting of the water main be made available for Ms inspection (Matter of Ihrig v. Williams, 181 App. Div. 865, affd. 223 N. Y. 670; Matter of Brooklyn Bridge Freezing & Cold Stor. Co. v. Vurmuhlen, 273 App. Div. 956; but cf. Matter of Lessin v. Board of Educ., 215 App. Div. 652).
Section 2207 of the County Government Law on which the county relies is but another manifestation of the broad policy referred to, for its purpose is to make public records available “ to the inspection of any taxpayer.” True it excepts records of “ the police department, the county attorney’s office, or the district attorney’s office,” and such an exception was the basis for denying to a litigant against a municipality access to Police Department records concerning the matter in litigation (Yude v. Cruise, 287 N. Y. 603, affg. 261 App. Div. 938; see Hale v. City of New York, 251 App. Div. 826; Matter of Malry v. Beckmann, 188 Misc. 648, affd. 272 App. Div. 780), but as to police records such cases were overridden by the legislative policy evinced by the enactment in 1941 of section 66-a of the Public *650 Officers Law. That section provides that11 Notwithstanding any inconsistent provisions of law, general, special or local, or any limitation contained in the provision of any city charter, all reports and records of any accident, kept or maintained by the * * * police department or force of any county * * * shall be open to inspection of any person having an interest therein * * * even though the state or a municipal corporation or other subdivision thereof may have been involved in the accident ’ \ The court recognizes that application under the statute is by article 78 proceeding rather than motion in a tort action (Brecht v. City of New York, 14 A D 2d 790, supra), and that the incident involved in the present action is not an “accident”, but considers the policy of section 66-a of the Public Officers Law pertinent, nonetheless, to the question whether it should, solely on the basis of the Police Department exception to the taxpayer’s right of inspection provided for in section 2207 of the County Charter, deny to a litigant disclosure of a document relevant to the action, to which under the CPLR he is entitled.
Nor is the result now reached at variance with the decisional law recognizing a privilege of secrecy when the public interest requires nondisclosure (Matter of Langert v. Tenney, 5 A D 2d 586, app. dsmd. 5 N Y 2d 875; People v. Keating, 286 App. Div. 150; Annotations 9 A. L. R. 1099; 59 A. L. R. 1555). Such cases turn on the public interest in protecting an informer or preventing interference with possible criminal prosecution (Matter of Langert v. Tenney, supra; Heaphy v. Mandio, 278 App. Div. 579; Nields v. Lea, 274 App. Div. 890; Lewis v. Roux Trucking Corp., 222 App. Div. 204; Schuster v. City of New York, 25 Misc 2d 916; Cohalan v. Newsday, 228 N. Y. S. 2d 504; see Matter of Egan, 205 N. Y. 147, 157; People v. Keating, supra). Here no informer is involved and the criminal prosecution is at an end, The only public interest in preventing disclosure, therefore, would be to encourage frankness in the making of official reports, and that is not a sufficient reason to deny the disclosure to which plaintiffs are otherwise entitled. Indeed, to accept such a reason in the face of the holdings in duff out a i'u.1 L'-muri (supra), 'would tie I o accord to governmental units ss litigants a privilege not to ¿tiécloSc admissions which is not accorded private litigants, for no other reason than that a governmental unit was involved.
The court concludes, therefore, that plaintiff is entitled to discovery of the report of the arresting officer to his command • ing officer, though not to any statement that may have been made to the District Attorney. The conclusion thus reached *651 is on all fours with Napier v. City of New York (19 Misc 2d 533) and consistent with the reasoning of Scheer v. City of Syracuse (41 Misc 2d 1060). Though at first blush it may appear to be inconsistent with Brecht v. City of New York (14 A D 2d 790, supra), the cases cited in that decision make evident that its basis was that the records involved were not evidence, which, as demonstrated above, is not the situation in this case,