Bernard S. Meter, J.
In this article 78 proceeding petitioner seeks judgment directing the Long Island State Park Commission to make available to him as counsel for Rose Dozier, administratrix of the estate of Jean Dozier, records of its investigation into the death of Jean Dozier. Jean Dozier was employed *1023 by the commission as a police .officer and was killed in tie performance of his duties when, while responding to an emergency call, his vehicle was in collision with a payioader owned by Sam D. Perrotta, Inc., and operated by Vincent Kearney. An action for wrongful death has been begun by the administratrix.
The commission does not deny the existence of the requested reports. It contends rather that the reports are not made ¡subject to disclosure by section 66-:a of the Public Officers Law. That section opens to inspection “all reports and records of any accident, kept or maintained by the state police or by the police department or force of any county, city, town, village or other district of the state Respondent ¡argues- (1) that the commission is not a “ district of the -state ”, and (2) citing section 144 of the Education Law, that the reports are not “ public records ” because not required by law to be kept. On analysis neither premise can be ¡sustained.
The phrase “ other district of the state ” is nowhere defined. Since the commission is required ¡to8 6 sue ° ° ° in the name of the people of the state of New York ” (Conservation Law, § 774) ; receive gifts -and hold lands in the name of the State (Conservation Law, § 777), and acquire title by condemnation “ in the name of the state of New York ” (Conservation Law, § 781), it is not ¡a political subdivision separate from the State, but “ a ¡special administrative area ” (Kenwell v. Lee, 261 N. Y. 113, 117 ; Rathbun v. Village of Waverly, 35 A D 2d 227 ; Tom Sawyer Motor Inns v. Chemung County Sewer Dist., 33 A D 2d 720). Since the function of the commission is solely am administrative one, since it exercises that function in a specific and limited geographical area (“parks * * * in the counties of Nassau and Suffolk ”, Conservation Law, § 777, su]od„ 1), and since it is authorized to employ uniformed persons with the title “ patrolman ” and all the powers of a “ policeman ” (Conservation Law § 774), it -seems -evident that any accident records maintained by such -employees are maintained “by the police * * * force of * * * [a] district of the state ”. Matter of Erenberg v. Brill (10 A D 2d 769) is not to the contrary, for that case involved the • Thruway Authority which, unlike the commission, is a public corporation ¡separate from the State (Public Authorities Law, § 352) and the report of an investigation made by an employee who was not a peace officer.
The Erenberg ease by reading section 144 of the Education Law together with section 66^a of the Public Officers Law, construed the phrase “ kept or maintained ” ¡as used in the latter as though modified by the words “ required to be ”„ Since sec *1024 tion 66-a of the Public Officers Law uses neither the latter words nor the phrase * ‘ public records ’ ’ and does begin ‘ ‘ Notwithstanding any inconsistent provisions of law, general, special or local ’ ’ .and since section 144 of the Education Law defines “ public records ” in the disjunctive to “ mean any written or printed book or paper * * * in or on which amy entry has been made or is required to be made by law ” (emphasis supplied), a strong argument can be made for a contrary holding (see Matter of Fox v. City of New York, 28 A D 2d 20, 22). It is not necessary so to hold, however, for quite clearly the reports now sought are ‘ ‘ required to be kept or maintained ’ ’ by the commission police not solely because of commission regulation but because of statute.
As previously noted, section 774 of the Conservation Law authorizes the commission to employ persons to enforce law. The section expressly provides that each such employee “ shall be designated as a ‘ Long Island state park- patrolman ’ and shall be a peace officer as defined by section one hundred and fifty-four of the code of criminal-procedure ”. The Vehicle and Traffic Law, as it read on the date of decedent’s death, defined a police officer for purposes of that law, as ‘ ‘ Every member of the state police and every duly designated peace officer ” (§ 132); and required every police officer to whom an accident resulting in injury to a person shall have been reported, to “ immediately investigate the facts, or cause the same to be investigated ” (Vehicle and Traffic Law § 603). The commission does not deny that its investigation was (unlike that in Matter of Erenberg, supra) made by a patrolman-peace officer employee or that a report has been made to the Commissioner of Motor Vehicles as section 603 requires. And while it is true that a copy of the accident report required by section 603 of the Vehicle and Traffic Law has been furnished to petitioner, that does not bolster respondent’s position, for section 66-a of the Public Officers Law requires disclosure of “ all reports and records of any accident ” and, therefore, encompasses not only the accident report but the report of the statute-required investigation as well.
The conclusion thus reached finds some support in Matter of Fox v. City of New York (28 A D 2d 20, supra ; see, also, Eifert v. Bush, 27 A D 2d 950, affd. 22 N Y 2d 681). In the Fox case the petitioner was held entitled to photographs referred to in the police investigation report. Significant is the following from that court’s opinion (28 A D 2d at p. 23): “ Whether or not the statute or the Rules and Procedures of the Police Department required that the photographs be made is of little moment. *1025 The fact is photographs have been made, which were made in the course of a statute-required investigation, though their making was discretionary * # *. Under the facts and circumstances of this case the photographs may be and are considered as an extension of the public records required to be kept and which should be made available pursuant to section 66-a” (cf. 23 Op. St. Comp., 1967, p. 569, Opn. No. 67-639 ; and see Scott v. County of Nassau, 43 Misc 2d 648).
The petitioner is, therefore, entitled to judgment, which shall be settled on notice.