Leon D. Lazer, J.
In this wrongful death action plaintiff moves for an order to examine the files of the Suffolk County District Attorney relating to the indictment of the defendant, Otis Pinckney, for the homicide which now constitutes the basis of the civil suit. After the defendant was indicted for the crime, which took place in a bar and grill, he pleaded guilty to second degree manslaughter. At an examination before trial in this action, he denied responsibility for the death of plaintiff’s intestate.
The examination of the District Attorney’s file pertaining to the indictment is sought, inter alia, to obtain the names of persons who were present at the scene of the crime and who might be potential witnesses, and also in order to determine *392 whether the defendant made any statements that would contradict his sworn testimony denying responsibility for decedent’s death. The motion is opposed by the defendants and the District Attorney on the grounds of confidentiality and privilege.
The exemption from disclosing evidence based on a claim of privilege is almost exclusively controlled by statute (Cohalan v. Newsday, 228 N. Y. S. 2d 504; People ex rel. Heller v. Heller, 184 Misc. 75; see, generally, article 45 of the CPLR). Unlike the situation in our adjoining county (see Nassau County Govt. Law, § 2207 [L. 1936, ch. 879, as amcL]; Scott v. County of Nassau, 43 Misc 2d 648) there is no statutory privilege accorded to the files of the Suffolk County District Attorney. Such privilege as does exist is founded upon case law predicated on the concept that divulgence would prejudice crime prevention, detection and investigation of crimes, and the prosecution of criminals (Cohalan v. Newsday, supra; People ex rel. Heller v. Heller, supra). The information sought by the plaintiff pertains to a criminal prosecution which was terminated by a conviction. The examination of the file will result in no interference or prejudice to a pending criminal prosecution (see Cohalan v. Newsday, supra), and the public policy sought to be protected by the privilege will in no way be violated (see People v. Sumpter, 75 Misc 2d 55).
The motion is granted. The order to be submitted should set forth an agreed date and place for the examination of the file by both plaintiff and defendants.