In the Matter of GEORGE E. MULRY, Petitioner, against JOHN M. BECKMANN, as Police Commissioner of Nassau County, et al., Respondents.

Supreme Court, Special Term, Nassau County, January 29, 1947.

*George E. Mulry,* petitioner in person.

*Marcus G. Christ, County Attorney,* for respondents.

*James N. Gehrig, District Attorney (Philip Huntington* of counsel), in person.

HOOLEY, J. This is an application for an order directing John M. Beckmann, as Commissioner of Police of Nassau County, and his assistants, more particularly Stuyvesant Pinnell, as Police Inspector of Nassau County, to permit George E. Mulry, or his agent, as attorney for one Willard Hodges Phillips, to look at and peruse the police blotter, teletype messages, radiograms and reports pertaining to the alleged attempted rape and assault of one Mary K. Allen, and to transcribe any notes therefrom that petitioner may deem necessary.

The said Phillips having been indicted for the crimes above mentioned, the petitioner George E. Mulry, his attorney, applied at the Sixth Precinct in Roslyn for an inspection of the police blotter, and a copy of the teletype records and radiograms in the case. He was referred to a detective and subsequently had a conversation with Inspector Pinnell aforesaid, who informed him that there was a new rule in existence since the inauguration of the new Police Commissioner, that no police blotters or other records could be shown to attorneys for defend-

ants unless the District Attorney of Nassau County gave a letter authorizing the Police Department to submit the police blotter, teletype records and radiograms in a particular case to the attorney for the accused. The petitioner then applied to an assistant district attorney, who later informed deponent that the District Attorney, James N. Gehrig, refused to issue the letter requested.

The mere fact that heretofore access to the records in question was given to all attorneys for defendants would not sanction or warrant an order of the court directing a continuance of such practice if the District Attorney is correct in his contention that the petitioner has no legal right of access to the same.

The situation presented is very interesting inasmuch as counsel, after research, have been unable to bring to the attention of the court any decision upon the particular facts here present. Section 2207 of the County Government Law of Nassau County (L. 1936, ch. 879), entitled " Publicity of records ", requires the heads of all departments and the chiefs of each and every bureau to furnish certified copies of any book, account or paper kept by such department, bureau or officer upon payment of the fees fixed therefor. It also provides that all books, accounts and papers in any department or bureau or in the custody of any officer shall at all times be open to inspection subject to reasonable rules and regulations to be made (subd. 2). However, such section then provides: " 3. This section shall not apply to the books, papers or records of the probation officer, *the police department*, the county attorney's office, or the district attorney's office or any bureau thereof, or to such records of any court as are required by law to be confidential * * *."

Such section alone would be sufficient to defeat the application herein.

But there is a further reason for denying the application. The court can see no difference between these police records and the papers and records in possession of a district attorney. In both offices or departments such books, papers and records deal generally with the apprehension and prosecution of those charged with violations of the criminal law.

In *People ex rel. Lemon* v. *N. Y. Supreme Court* (245 N. Y. 24) one Lucy Earley, indicted for murder for the poisoning of her husband, was granted an inspection of the minutes of the Grand Jury and after being furnished with a transcript of the testimony before that body, she contended that the District

Attorney had other evidence not submitted to the Grand Jury and she sought an order that such evidence be submitted to her scrutiny. An order was granted directing that the District Attorney file with the Clerk of Orange County each and every written statement or confession made by one Wegley, an alleged accomplice, the complete written statements and memoranda of the post-mortem examinations of the decedent, Earley, and certain medical reports and reports of chemical analyses or examinations of the organs of said Earley. The entry of the last-mentioned order was followed by the application for the order of prohibition by the District Attorney. That order was granted. The Court of Appeals, in affirming the order of prohibition, held that in criminal prosecutions, documents and memoranda in possession of the District Attorney, not themselves admissible in evidence, were not subject to inspection by a defendant. If such records in the hands of a district attorney, not evidence themselves, are not subject to inspection, certainly in the hands of the police department they are no less subject to such rule. The contents of the police blotter, teletype messages and radiograms herein are not admissible in evidence against the accused. Most of the contents thereof in any case would be hearsay, often consisting of meager or possibly inaccurate information hurriedly acquired by the police and broadcast in an effort to speedily apprehend the criminal.

As was pointed out by the Court of Appeals in the case last cited, even the inspection of the minutes of the grand jury, which is frequently granted by the courts, is not granted for the purpose of supplying the defendant with evidence in advance of the trial but the object is to lay the basis for a motion to dismiss the indictment where there is reason to believe that the evidence before the grand jury is insufficient or illegal. The court is of the opinion that the petitioner has established no legal right to the information sought.

Petitioner, however, contends that the Police Department makes available to newspaper reporters information that is denied to him. Certainly as a matter of policy, an attorney, who is an officer of the court, should not be denied information which is available to newspaper reporters, but the court is of the opinion that information such as is sought here either in the hands of the district attorney or the police department may be legally imparted or denied to any person in whole or in part solely as the officials in charge of such offices or departments may in their discretion determine.

Application denied.