Hugh S. Coyle, J.
This is a motion by the plaintiff wherein he seeks an order permitting a discovery and inspection of the statement the defendant made to the office of the District Attorney of New York County, and of the records of the Police Department; the detectives’ report and the photographs of the scene of the shooting, as well as a preference pursuant to rule 2A of the Westchester County Supreme Court Calendar Rules.
The action is one to recover damages for wrongful death, by reason of the fact that defendant pointed and discharged a loaded firearm at the plaintiff’s intestate inflicting wounds resulting in. his death. The matter was presented to a Grand Jury in New York County which did not indict. •
In January, 1959, a note of issue and statement of readiness Avere filed by the attorney for the plaintiff, noticing the case for the February 1959 Term. Such statement, signed by the plaintiff’s attorney, indicated that all necessary proceedings in the preparation of the trial had been completed and, included *721 among other things, discovery and inspection. Upon a pretrial conference before this court on November 2, 1959, plaintiff’s attorney stated that he wished the court to permit him to examine the records of the District Attorney and of the Police Department.
Not only does this court feel that plaintiff has waived any right to the relief now sought with respect to the discovery and inspection, by virtue of his statement of readiness, but that he is not entitled to same in the first instance. Section 324 of the Civil Practice Act provides that a court of record may compel a party, including a public or municipal corporation, to an action to produce and discover any article or property in his possession or under his control, relating to the merits of the action. In this case, neither the District Attorney nor the Police Department is a party to the action.
The moving papers do not show that the requested documents are evidence rather than clues to evidence. In People ex rel. Lemon v. Supreme Court (245 N. Y. 24, 28-29) Chief Judge Cakdozo said: “ So familiar in civil causes has the remedy become that many who invoke it have forgotten in all likelihood its origin in history as the creature of a statute. Yet even in civil causes, with all the statutory reinforcement of the sparse and narrow remedy, itself ‘ in the nature of a usurpation ’ (McQuigan v. D., L. & W. R. R. Co., supra [129 N. Y. 50], at p. 55) that had grown up at common law, the jurisdiction has its limits (Civ. Prae. Act, § 324). Documents are not subject to inspection for the mere reason that they will be useful in supplying a clue whereby evidence can be gathered. Documents to be subject to inspection must be evidence themselves (Falco v. N. Y., N. H. & H. R. R. Co., 161 App. Div. 735, 737; Woods v. De Figaniere, 25 How. Pr. 522, 526, 527; Knight v. Marquess of Waterford, 2 Y. & C. Ex. 22, 36).” (See, also, People v. Buchalter, 289 N. Y. 244; Matter of Mulry v. Beckmann, 188 Misc. 648; Matter of Langert v. Tenney, 5 A D 2d 586; Weistrop v. Necchi Sewing Mach. Corp., 2 Misc 2d 312; Lewis v. Roux Trucking Corp., 222 App. Div. 204.)
Plaintiff has failed in the opinion of this court to substantiate his request for a preference. Therefore, the plaintiff’s motion is in all respects denied. Settle order.