Bernard S. Meyer, J.
“If Parliament does not mean what it says, it must say so. ’ ’ That pungent, profound and persuasive pronouncement of Lord Mildew in Bluff v. Father Gray (Herbert, “Uncommon Law”, p. 192) is particularly pertinent to this article 78 proceeding.
Petitioner alleges that she is the duly appointed administratrix of one Ernest Wessberg; that he was killed while operating his automobile; that the accident in which he was killed occurred between his automobile and a pole being transported on a trailer by the Long Island Lighting Company; that the accident was investigated by the Police Department of Nassau County; that petitioner duly authorized her attorney to obtain copies or *383 inspect the reports and records of said accident; and that the Police Department, though it has advised her attorney that the investigation is complete and that no criminal proceedings in connection with the accident would he commenced or were contemplated, has refused to open said reports and records for inspection to the attorney, notwithstanding that petitioner is ready, willing and able to pay any fee that may be required and notwithstanding the provisions of section 66-a of the Public Officers Law. The latter section provides: “ Notwithstanding any inconsistent provisions of law, general, special or local, or any limitation contained in the provision of any city charter, all reports and records of any accident, kept or maintained by the state police or by the police department or force of any county, city, town, village or other district of the state, shall be open to the inspection of any person having an interest therein, or of such person’s attorney or agent, even though the state or a municipal corporation or other subdivision thereof may have been involved in the accident; except that the authorities having custody of such reports or records may prescribe reasonable rules and regulations in regard to the time and manner of such inspection, and may withhold from inspection any reports or records the disclosure of which would interfere with the investigation or prosecution by such authorities of a crime involved in or connected with the accident.”
It is urged in opposition that section 66-a applies only when the municipality itself is a party to the accident and does not abrogate special statutes such as section 2207 of the County Government Law of Nassau County (which exempts Police Department records from the requirement of publicity) or court decisions such as Yude v. Cruise (287 N. Y. 603, in which the denial of a similar request for reports of the Queens motor vehicle homicide squad was affirmed by the Count of Appeals). The difficulty with the arguments advanced is that they completely ignore the wording of the statute itself.
While the Seventh Annual Report of the Judicial Council indicates (pp. 45-46) that one of the reasons for the enactment of the law which became section 66-a of the Public Officers Law, was the refusal of New York City authorities to make available for inspection reports concerning accidents in which the city was involved as a party, the language of the section obviously goes far beyond that. The relevant modifying clause reads: 1 ‘ even though the state or a municipal corporation or other subdivision thereof may have been involved in the accident ’ ’. Respondent’s contention can be sustained only if the words “ even though ” are read as “ only when?” a patent perversion, *384 While it is true that section 2207 of the County Government Law exempts Police Department records, that section was adopted in 1936 (L. 1936, ch. 879) and became effective January 1, 1938. Section 66-a of the Public Officers Law was adopted in 1941 and its opening words make clear that it is intended to supersede “ any inconsistent provisions of law, general, special or local ”. The County Government Law of Nassau County is such a local law.
Arguments predicated on Yude v. Cruise (supra) and Lewis v. Roux Trucking Corp. (222 App. Div. 204) have no bearing since they involved demands made before section 66-a of the Public Officers Law became effective on April 28,1941. Nor can cases such as Matter of Mulry v. Beckmann (188 Misc. 648, affd. 272 App. Div. 780) serve as the basis for the refusal to obey the clear mandate of section 66-a, since such cases involved demands by defendants in criminal proceedings, who clearly are outside the scope of the section.
The statutory exception does permit the Police Department to “withhold from inspection any reports or records the disclosure of which would interfere with the investigation or prosecution by such authorities of a crime involved in or connected with the accident.” By spelling out that limited exception with respect to criminal investigation or prosecution, the Legislature has made clear that the mere fact that crime or its prosecution is involved, does not render reports related to an accident confidential or immune from inspection. It must appear that disclosure would interfere with the investigation or prosecution.
Section 66-a of the Public Officers Law is applicable. Petitioner has such an interest as that statute requires. Respondent’s answer denies on information and belief the formal allegations of the petition, including the allegation that the Police Department investigation has been completed and that no criminal proceedings were commenced or are contemplated in connection with the accident, and sets up objections in point of law. It does not, however, affirmatively set forth that the disclosure of the reports and records would interfere with any investigation or prosecution. Respondent, therefore, raises no triable issue in this proceeding. He has “ failed to perform a duty specifically enjoined upon him by law.” (Civ. Prac. Act, § 1296, subd. 1.) The prayer of the petitioner must be granted.
Settle order on notice.