In the Matter of David Fox, Appellant, *v.* City of New York, Respondent.

First Department, June 27, 1967.

*David Fox,* appellant in person (*Isaacson, Robustelli & Fox,* attorneys), for appellant.

*David G. Trager* of counsel (*Stanley Buchsbaum* with him on the brief; *J. Lee Rankin, Corporation Counsel*), for respondent.

Stevens, J. Petitioner instituted this article 78 proceeding for an order directing respondent to permit the inspection of certain photographs taken by the police in the course of investigating a motor vehicle-pedestrian accident which occurred December 25, 1965, at Grand and Clinton Streets, City of New York.

One Mayer Zycherman was struck and injured by an automobile owned by Alvin Baer and then being operated by one Robert L. Baer. Detective Peterson of the Accident Investigation Squad investigated the accident and prepared the required

report, Form DD97, a Motor Vehicle Accident and Mechanism Report. This form contains information pertinent to the accident as well as information relating to the equipment and operating condition of the vehicle. At the end of the report in a section entitled " Police Action " there is a summmary of what action, if any, was taken against the driver. The section also contains the printed words " Photographs taken by " followed by the typewritten words " Thomas V. Peterson."

Petitioner, attorney for Zycherman, requested and received a copy of the DD97 report. His request for copies of the photographs was refused on the ground they are " available by subpoena only." Petitioner instituted this article 78 proceeding, contending that under section 66-a of the Public Officers Law he had a right to discovery and inspection of the photographs taken, and that the requirement for judicial subpœna is unreasonable and involved.

Respondent contended, and Special Term agreed, the photographs taken are not reports and records within the meaning of section 66-a.

Section 66-a of the Public Officers Law provides: " Notwithstanding any inconsistent provisions of law, general, special or local, or any limitation contained in the provision of any city charter, all reports and records of any accident, kept or maintained by the state police or by the police department or force of any county, city, town, village or other district of the state, shall be open to the inspection of any person having an interest therein, or of such person's attorney or agent, even though the state or a municipal corporation or other subdivision thereof may have been involved in the accident; except that the authorities having custody of such reports or records may prescribe reasonable rules and regulations in regard to the time and manner of such inspection; and may withhold from inspection any reports or records the disclosure of which would interfere with the investigation or prosecution by such authorities of a crime involved in or connected with the accident."

Obviously, the case before us does not fall within the exception of the statute and no claim to that effect is asserted (see *Matter of Wessberg* v. *Beckmann,* 21 Misc 2d 382). The single question then is: Are the photographs sought public records within the remaining provisions of the statute so as to be amenable to inspection by plaintiff?

Respondent urges they are not and quotes certain Rules and Procedures (R&P) of the Police Department which mandate inspection and report of a motor vehicle involved in an accident

where death or serious injury is likely to result. Section 17.0 of chapter 15 of R&P makes it discretionary with the officer from the Accident Investigation Squad or Homicide Squad whether photographs should be taken. Respondent asserts that the only report required by statute (Vehicle and Traffic Law, § 603) is the MV104-A report, which is sent to the Commissioner of Motor Vehicles, and the reference in DD97 to photographs is purely for informational purposes of the departmental detective.

In *Erenberg* v. *Brill* (10 A D 2d 769) the court held that certain reports of the Thruway Authority pertaining to accidents which the Authority was not required by statute to compile and maintain were not public records subject to inspection as of right, citing section 144 of the Education Law. Section 144 defines public records, in brief, as '' any written or printed book or paper, or map, which is the property of the state, or of any county, city, town or village or part thereof, and in or on which any entry has been made *or* is required to be made by law, *or* which any officer or employee of the state or of a county, city, town or village has received *or* is required to receive for filing '' (emphasis added). The section, in scope, goes beyond the strict limitation of a paper, etc., required to be made by law in defining what shall constitute a public record, and includes as well books, papers or maps belonging to the State or political subdivision in or on which an entry *has been made*. In determining the issue in the case on appeal section 144 should be read in conjunction with section 66-a of the Public Officers Law. The photograph may be analogized to a map or regarded as an extension of a record required to be kept by law (Vehicle and Traffic Law, § 603; Education Law, § 144).

Respondent observes that this is not an examination sought pursuant to CPLR 3120, consequently considerable expense could be entailed in supplying copies of photographs to litigants requesting the same. In the instant case petitioner sought to ascertain the cost of copies of the photographs, indicating thereby a willingness to defray the cost of the same. Nor would it be unreasonable, even in the absence of such indication, to require payment of such cost. But more to the point, the original cost of the photograph is borne by the taxpayer, and when a taxpayer is allegedly wrongfully injured he should not unreasonably be denied access to a source of possible support of his claim.

Respondent and Special Term cited *Brecht* v. *City of New York* (14 A D 2d 790) in support of their respective positions.

In the *Brecht* case the City of New York was a defendant. Plaintiff's automobile and a city police car collided, with resultant injuries to plaintiff. Plaintiff moved for discovery and inspection of records and reports with respect to towing and repair of the police car, photographs taken, and the statement of an alleged witness. A denial of the motion was affirmed by the Appellate Division, Second Department, which noted an application under section 66-a should be made under article 78, not by motion in a negligence action; the matters requested "are not reports and records required by statute to be made and filed and, therefore do not come within section 66-a"; and discovery and inspection of the records, reports and photographs "may not be had under section 324 of the Civil Practice Act." The cited section deals with the power of a court of record to require discovery of a party. Moreover, in the *Brecht* case (*supra*), the city was a party defendant. Materials prepared in anticipation of litigation in aid of its defense, not required to be kept by law, could be accorded treatment similar to that given a private litigant whose private work product is not required to be exposed.

On the record the city has no interest in this case. Whether or not the statute or the Rules and Procedures of the Police Department required that the photographs be made is of little moment. The fact is photographs have been made, which were made in the course of a statute-required investigation, though their making was discretionary, and they can easily be made available for inspection or copies furnished upon payment of costs or a fee. Under the facts and circumstances of this case the photographs may be and are considered as an extension of the public records required to be kept and which should be made available pursuant to section 66-a (cf. *Matter of Wessberg* v. *Beckmann*, 21 Misc 2d 382, *supra*).

Accordingly, the judgment entered August 8, 1966, herein appealed from should be reversed on the law and in the exercise of discretion, the facts having been considered, and judgment should be directed to be entered for petitioner, without costs or disbursements to either party.

Botein, P. J., Capozzoli, Rabin and McNally, JJ., concur.

Judgment unanimously reversed, on the law and in the exercise of discretion, the facts having been considered, and judgment is directed to be entered for petitioner, without costs or disbursements to either party.