George M. Carney, J.
Motion by plaintiff Blaikie for an order directing the issuance of a subpoena duces tecum requiring the Commissioner of Investigation of the City of New York to produce any and all documents, books, records, etc., in his possession or control, concerning an investigation conducted by him and/or his predecessor at the direction of the Mayor of the City of New York, relating to the milk industry in the City of New York and to the prices charged by defendant corporations for milk. The action is against leading milk companies in this city for damages by reason of an alleged conspiracy to sell milk *181 at fixed prices and to allocate accounts, and for an injunction to restrain the defendants from selling milk at allegedly excessive prices. Neither the City of New York nor its Commissioner of Investigation is a party to the action.
Initially, it is noted that none of the actual defendants has been afforded the required timely notice of the within application and that the motion is dismissable for this reason alone (see CPLR 2214, subd. [b]; 2103, subd [b], par. 2). Nevertheless, since the Commissioner of Investigation, who is primarily concerned with the instant motion, was properly and timely served (CPLR 2307, subd. [a]), and has appeared in opposition, the technical deficiencies aforesaid are disregarded in favor of an immediate, definitive disposition of the matter on its merits.
Section 803 of the New York City Charter empowers the Commissioner of Investigation to make any investigation directed by the Mayor or the City Council or which, in his opinion, may be in the best interests of the city. The subject investigation of the distribution of milk in the City of New York and the effect thereof on the consumers and taxpayers was instituted in 1961 by the present Commissioner’s predecessor at the specific request of the Mayor. A preliminary report of the progress of the said investigation was submitted to the Mayor by the Commissioner’s predecessor on July 31, 1963, and the investigation is presently continuing, although, according to the present Commissioner, it is not now as active as it was at its inception.
However, whether the investigation is still in process or not, and whether it is active or passive, it is clear, and plaintiff concedes, that the records of the Commissioner of Investigation, prepared for use in an investigation authorized by the charter, are not open for public inspection (New York City Charter, §§ 1113, 1114). This would include a report to the Mayor of such an investigation conducted by the said Commissioner (Matter of Cherkis v. Impellitteri, 307 N. Y. 132). Nor is the rule any different when such records are sought to be subpoenaed, rather than merely examined (Yude v. Cruise, 261 App. Div. 938, affd. 287 N. Y. 603), or are requested to be delivered to a court for use in connection with a civil litigation, since no proper employment at a trial of any such records could be accomplished without revealing the contents thereof to the respective parties and without making them a part of the trial record.
Moreover, the immunity from disclosure, provided by the charter for investigation records, was not waived by a public press report of certain statements concerning the milk industry investigation, attributed to the Commissioner’s predecessor or *182 to Ms representatives. In all events, it is elementary that neither city officers nor city employees may waive statutory provisions enacted for the protection of a municipality.
Furthermore, as to the instant application, in addition to the fact that the report, records and data sought are confidential and are not subject to public disclosure, plaintiff makes no sufficient showing that any such records or reports are relevant or material to any issues involved in the pending litigation. There can be no judicial sanction for an unlimited search by private litigants into the records of a public investigatory agency in the hope of uncovering unspecified evidence to support a private suit to which the City of New York is not a party.
Finally, it appears that, since the subject investigation, albeit not necessarily in priority position, is continuing, the present release of confidential information concerning same might well be prejudicial to its ultimate successful and rapid conclusion.
In passing, however, although the court, under the circumstances, is without legal power to grant the requested relief, it should be noted that serious practical questions of public interest and concern have been raised and remain unanswered in relation to the milk industry and to the often voiced charges of price-fixing. Although not by legal mandate, at the conclusion of the pending investigation, hopefully within the foreseeable future, the public is entitled to be fully informed, and it behooves those public officials concerned to satisfy the people of this city in this regard.
The motion is denied.