■ CHARLES SELIGSON, as Trustee in Bankruptcy of IRA HAUPT & Co., Plaintiff, v. FIDELITY AND CASUALTY COMPANY OF NEW YORK, Defendant and Third-Party Plaintiff. AMERICAN EXPRESS COMPANY et al., Third-Party

920

Defendants. In the Matter of FIDELITY AND CASUALTY COMPANY OF NEW YORK, Respondent, v. ATTORNEY-GENERAL OF THE STATE OF NEW YORK, Appellant.—

Concur — McGivern, J. P., Markewich and Eager, JJ.; Kupferman and Tilzer, JJ., dissent in the following memorandum by Kupferman, J.: It is clear that the Court of Appeals in *People* v. *Bunge Corp.* (25 N Y 2d 91) held that the evidence collected by the Attorney-General is confidential, and that subdivision 5 of section 352 of the General Business Law prohibits disclosure of information obtained in a Martin Act investigation, except as directed by the Attorney-General. The defendant-third-party plaintiff-respondent, the Fidelity and Casualty Co. of New York, by motion for an order pursuant to CPLR 2307 (subd. [a]), seeks a subpoena duces tecum directing the Attorney-General to produce certain transcripts which would come within the afore-mentioned ruling in *People* v. *Bunge Corp.* The court at Special Term granted the application relying, in a thoughtful opinion, upon the ground that the Attorney-General had already pierced the confidential nature of the information by making it available to the plaintiff trustee in bankruptcy for the purposes of this action, based on the salad oil scandal. We do not believe that the Attorney-General should be barred from the possibility of selective disclosure of the information in his files, unless absolute fairness requires otherwise. The court at Special Term granted the application for disclosure against the Attorney-General pursuant to CPLR 2307, so that the parties in their own litigation would be on equal footing. However, CPLR 3101 (subd. [d]) has ample provision for disclosure of material prepared

for litigation and, if "withholding it will result in injustice or undue hardship". By proceeding in this fashion under the normal disclosure provisions, the Fidelity and Casualty Co. of New York can obtain from the plaintiff trustee in bankruptcy whatever writings, such as the transcripts of testimony allegedly acquired from the Attorney-General from his files on investigation under the Martin Act. With this means of obtaining information in the ordinary course of litigation, it is unnecessary to require the Attorney-General to bare his files in view of his determination in the sound exercise of discretion not so to do. We would reverse and deny the motion, without costs.