■ NAOMI B. MARKOWITZ, Individually and as Administratrix of the Estate of RUBEN MARKOWITZ, Deceased, et al., Plaintiffs, v. IRVING FEIN, as Committee of the Estate of MARK FEIN, Respondent. FRANK S. HOGAN, as District Attorney of New York County, Appellant.— Order, Supreme Court, New York County entered March 9, 1971, is reversed on the law, the facts and in the exercise of discretion and the application for a subpoena duces tecum pursuant to CPLR 2307 (subd. [a]) is denied, without costs and without disbursements. The District Attorney of New York County appeals from an order which granted defendant-respondent's motion for a subpoena duces tecum directing the production of certain records in the District Attorney's possession. On May 26, 1965, Mark Fein was convicted of murder in the second degree and was sentenced to 30 years to life. The conviction came after a five-week trial and after a lengthy hearing on a motion for a new trial. The judgment of conviction was affirmed (*People* v. *Fein*, 24 A D 2d 32, affd. 18 N Y 2d 162), and the Supreme Court of the United States denied certiorari (app. dsmd. and cert. den. *Fein* v. *New York*, 385 U. S. 649; rehearing den. 386 U. S. 978.) Thereafter, the judgment of conviction was challenged in a Federal habeas corpus proceeding, and the petition was denied. (*United States ex rel. Fein* v. *Deegan*, 298 F. Supp. 359, affd. 410 F. 2d 13, cert. den. 395 U. S. 935.) The conviction was further challenged in a State habeas corpus proceeding and relief was again denied. (*People ex rel. Fein* v. *Follette*, 61 Misc 2d 826, affd. 34 A D 2d 835, app. dsmd. 27 N Y 2d 737, mot. for lv. to app. den. 27 N Y 2d 486.) In this action by the representatives of the decedent Ruben Markowitz, recovery is sought upon the theory of wrongful death. The action was initiated in 1965 and there have been pretrial proceedings including depositions from various persons who testified at the criminal trial. By notice of motion returnable November 17, 1970, Fein sought relief in the nature of a writ of error *coram nobis* to vacate and set aside the judgment of conviction. It was Fein's contention that the examinations before trial in the civil action revealed prosecutory suppression in the criminal proceeding. This was not the first time the spectre of suppression by the prosecutor had been raised. It had been an issue throughout the appeals and in the Federal habeas corpus proceeding. In each instance defendant's contentions with regard to such claims were rejected. By order dated May 24, 1971, Justice Culkin, who presided at the trial, denied the application for *coram nobis*. On appeal, this court affirmed (*People* v. *Fein*, 38 A D 2d 692). About one week after the application for *coram nobis* was brought, the defendant, in this civil action, brought on a

motion pursuant to CPLR 2307 (subd. [a]) to obtain production of records in the hands of the New York County District Attorney "on the ground that such records are essential to establish defendant's défense [i.e., innocence] of the instant action". The basis for this application was once again the claim that the examinations before trial had revealed suppression by the prosecutor of evidence which contradicted the trial testimony. The defendant sought a total of 36 separately numbered items, the last of which was a request for "Any and all other handwritten or typewritten notes * * * or other written material involved in the investigation into the murder of Ruben Markowitz". Items numbered 1-35 were apparently a partial list of exhibits marked for identification at the murder trial and concededly, these documents had previously been made available to Fein. Special Term granted the subpoena with respect to the first 35 items. We believe that the application should have been denied *in toto*. The papers in support of the application merely alleged in conclusory language that the documents sought "will disclose facts that were made available to Fein's previous attorney, and which, if produced, will help to establish Mark Fein's innocence". There was an absence of any showing, even upon the hearing, of any substantial reason why these nonpublic government records— consisting in large part of reports and notes of the District Attorney's staff— should be made available in this civil action. The allegation that the depositions taken in the civil action contradicted certain testimony in the criminal trial is similar to the claim raised in the *coram nobis* proceeding. The claim was rejected then (*People* v. *Fein*, 38 A D 2d 692, *supra*) and it is no more persuasive now. The similarity of the arguments in support of this application and in support of the *coram nobis* application, as well as the timing of the two applications, permit the inference that the defendant is in reality utilizing this civil action as a vehicle to obtain materials which could not otherwise be obtained and which are intended to be used in further attacks on the criminal conviction. We conclude that the attempted wholesale inquiry into the District Attorney's files was not justified under the circumstances of this case (cf. *Blaikie* v. *Borden Co.*, 47 Misc 2d 180). Concur — McNally, Steuer and Tilzer, JJ.; Kupferman, J. P. and Murphy, J., dissent in the following memorandum by Murphy, J.: The sole question before us is whether, in this wrongful death action, respondent committee is entitled to the production of 35 of the 36 items requested; and the majority's inference that the instant application is merely ancillary to, and a vehicle for, another post-judgment application in connection with Mark Fein's murder conviction is quite irrelevant. The fact that Mark Fein may be contemporaneously seeking to establish his innocence cannot preclude respondent from defending this civil action. Moreover, since it appears that the 35 granted items were previously made available to Mark Fein's counsel at his criminal trial (as they are essentially a partial list of the items marked for identification thereon) there is no merit to appellant's argument that public policy mandates denial of the motion. Accordingly, the order appealed from should be affirmed.