OPINION OF THE COURT
Thomas P. Flaherty, J.
Plaintiff moves for an order directing the Erie County Sheriffs Department (Sheriff), a nonparty, to produce any and *178 all reports emanating from a Sheriff’s investigation of an automobile accident involving the parties. The accident, involving a high-speed police chase, resulted in the death of plaintiff’s deceased. The Sheriff opposes production citing Laws of 1972 (ch 742).
Chapter 742 sets forth a procedure whereby the New York State Commissioner of Motor Vehicles may designate a local law enforcement agency’s accident-investigation unit as an "approved accident-investigation unit”. (L 1972, ch 742, §2.) The records of such an approved unit "shall be confidential and shall not be available to any person other than a member or employee of the unit.” (L 1972, ch 742, § 3.) The act further provides that "A member or employee of the approved unit charged with the custody of such records and reports shall not be required to produce any of them or evidence of anything contained in them in any legal action or other proceeding.” (L 1972, ch 472, §3.) Approved units are required to annually report to the Governor, the Legislature and the Commissioner of Motor Vehicles as to their findings and recommendations.
Such an accident-investigation unit was approved for the Sheriff’s Department and was operative at the time of this accident. A member of the unit, Sergeant Kevin Caffery (Sergeant), investigated the accident and made a written report thereon. The Sergeant was subsequently called to testify at a State Department of Motor Vehicles hearing before an Administrative Law Judge held pursuant to Vehicle and Traffic Law § 510 to investigate the accident in question and to determine whether or not any license or registration should be suspended or revoked. According to the transcript of such hearing, it appears that the Administrative Judge called the Sergeant as a witness in such proceeding. The Judge had two documents marked as department exhibits for identification, and received them in evidence. Identified by the Sergeant as his work product and the result of his investigation, those documents were a police accident report form MV-104A and accompanying diagrams. Upon questioning by the Administrative Judge, the Sergeant then proceeded to testify as to his knowledge of the accident based upon his investigation. It appears that one of the defendants was present during the Sergeant’s testimony. In any event, counsel for one of the other defendants was present and cross-examined the Sergeant.
Chapter 742 clearly deprives injured persons of experienced and disinterested sources of information and analysis with *179 respect to their accidents. Indeed, such a result was contemplated as reflected in a memorandum to the Governor’s Counsel from the Deputy Commissioner and Counsel of the Department of Motor Vehicles. Stating that the department had no objection to approval of this legislation, the memorandum noted that:
"The purpose of this legislation as indicated in the statement of purpose is to permit investigations to determine the true causation of fatal and serious injury accidents. It contemplates the establishment of well-trained personnel functioning in a manner which will enable causative factors of accidents to be determined for the purpose of formulating effective methods and means to reduce accidents within the State.
"The bill would protect accident victims by using case numbers rather than names, and should permit easier accumulation of data from witnesses because of the privacy provisions. The withholding of records and reports from introduction in legal actions would permit more accurate reports and conclusions and would free investigators from the burden of appearing in negligence actions.” (Legislative bill jacket, L 1972, ch 742, mem of Donald J. Bardell, Apr. 3, 1972.)
Despite the clear statutory prohibition with respect to the Sheriff’s disclosure of these records, plaintiff maintains that the Sheriff has waived any objection to plaintiff’s request by the testimony of the Sergeant at the motor vehicles hearing and the receipt in evidence of his reports. Plaintiff cites Seligson v Fidelity & Cas. Co. (36 AD2d 919, affd 29 NY2d 828), holding that the Attorney-General was required by "fundamental fairness and evenhanded justice” to turn over to defendants certain confidential evidence which he had previously disclosed to the plaintiff (supra, at p 920). The case at bar is distinguishable in that the Attorney-General had the discretion to disclose information he gathered in a Martin Act investigation. Chapter 742 grants no such discretion to the Sheriff.
The Sheriff maintains that the Sergeant’s appearance at the motor vehicles hearing was not in contravention of chapter 742 as the hearing was held at the request of, and before, the very department to which chapter 742 requires approved units to report annually. Assuming that such disclosure was unauthorized, it was not within the discretion of the Sheriff to so disclose and would not warrant a second unauthorized disclosure in the form of the relief requested by plaintiff on this motion.
*180 The court does not address the applicability of chapter 742 vis-á-vis the State Department of Motor Vehicles of whether or not such department waived any protection it might have under this act as the department is not a party to this application.
Accordingly, plaintiffs motion is in all respects denied, without costs.