■ BEVERLY SITTNIEWSKI, as Administrator of the Estate of MICHAEL J. SPARTZ, Deceased, Appellant, v DERRICK W. DECKER et al., Defendants, and ERIE COUNTY SHERIFF'S DEPARTMENT, Respondent.

■ Memorandum: Special Term correctly determined that the reports and photographs prepared by a member of an approved accident investigation unit of the Erie County Sheriff's Department were privileged from disclosure and that the privilege was not waived by the employee's testimony at a motor vehicle hearing (see, Sittniewski v Decker, 134 Misc 2d 177). Section 3 of chapter 742 of the Laws of 1972 provides: "All records of such approved unit shall be confidential and shall not be available to any person other than a member or employee of the unit. A member or employee of the approved unit charged with the custody of such records and reports shall not be required to produce any of them or evidence of anything contained in them in any legal action or other proceeding."

This provision is plain and unambiguous, and there is no doubt that the documents sought fall within the prohibition of that section and are privileged (Matter of Love Canal, 92 AD2d 416, 422). Since the privilege belongs generally to the government and not the employee, the prior testimony concerning matters contained in the reports, even if unauthorized, did not constitute a waiver of the privilege (see, Kwoczka v Cawley, 103 Misc 2d 13; Blaikie v Borden Co., 47 Misc 2d 180). Plaintiff's reliance upon Seligson v Fidelity & Cas. Co. (36 AD2d 919, affd 29 NY2d 828) was misplaced for two reasons. In Seligson, the Attorney-General had the power to authorize disclosure and the disclosure was made to one party in a civil action, but not to the adversaries. In the subject case, any disclosure was prohibited, and the record fails to indicate that counsel for one of the defendants has possession of any information that is unavailable to the plaintiff.

Moreover, we observe that plaintiff failed to set forth any special circumstances that would warrant discovery from a nonparty (CPLR 3101 [a] [4]; *Cirale v 80 Pine St. Corp.,* 35 NY2d 113). (Appeal from order of Supreme Court, Erie County, Flaherty, J.—discovery.) Present—Denman, J. P., Green, Pine, Balio and Davis, JJ.