■ In the Matter of HARRIET KNIGHT et al., as Administratrices of ANTHONY E. ROSS, Deceased, Respondents, v EUGENE GOLD, as District Attorney of Kings County, Appellant, et al., Respondent.—In a proceeding to compel the District Attorney of Kings County and the Police Commissioner of the City of New York to afford petitioners an opportunity to inspect and copy certain documents, the District Attorney appeals, as limited by his brief, from so much of a resettled judgment of the Supreme Court, Kings County, dated July 30, 1975, as directed him to permit petitioners, plaintiffs in a wrongful death action, to inspect and copy certain documents contained in an official case file maintained by his office. Resettled judgment modified, on the law, by deleting therefrom the provision which permits petitioners to examine and copy (1) the District Attorney's trial sheet and (2) three statements taken at the 84th Precinct on January 8, 1971. As so modified, resettled judgment affirmed insofar as appealed from, without costs or disbursements. No findings of fact were presented for review. In our opinion, the District Attorney's trial sheet, and the witnesses' statements obtained by his office in the course of preparing a criminal case for trial, are exempt from disclosure under section 88 (subd 7, par d) of the Public Officers Law (the Freedom of Information Law), as information which is "part of investigatory files compiled for law enforcement purposes" (see *Aspin v Department of Defense*, 491 F2d 24; *Frankel v Securities Exch. Comm.*, 460 F2d 813; see, also, *Scott v County of Nassau*, 43 Misc 2d 648; cf. *Matter of Dillon v Cahn*, 79 Misc 2d 300; *Hopson v Pinckney*, 77 Misc 2d 391). On the question of common-law privilege, we hold that the information sought is confidential and unavailable. Public interest requires that statements of defendants and witnesses made to the District Attorney in the context of a criminal investigation not be disclosed, except under the most unusual circumstances, which are not here present (see *Cirale v 80 Pine St. Corp.*, 35 NY2d 113; cf. *People v Sumpter*, 75 Misc 2d 55). We also note that, upon the argument of this appeal, petitioners agreed that they did not require the District Attorney's trial sheet. Latham, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.