REBECCA DIPALMA, Respondent, v GERALD D. PHELAN,
Individually and as Chief of Police of the Town of Greece, et
al., Appellants.

About a month later, after the Town Board had learned
that plaintiff's father had pleaded guilty to attempted sexual
abuse in the first degree, it requested defendant Phelan, the
Police Chief, to produce the supporting deposition for the
Board's review. At the time, the Town Board was considering
whether to take disciplinary action against plaintiff's father,
who was the Town's grant administrator. Phelan delivered the
supporting deposition to the Town Attorney, and the deposi-
tion was reviewed by the Town Board.

The complaint asserts three causes of action: one for viola-
tion of the US Constitution, a Federal civil rights action (see,
42 USC § 1983); the second for violation of section 50-b of the
New York Civil Rights Law; and the third for negligence.
Defendants made a pre-answer motion to dismiss for failure to
state a cause of action (CPLR 3211 [a] [7]) or, in the alterna-
tive, for summary judgment. Plaintiff cross-moved for partial
summary judgment on liability. Supreme Court granted defen-
dants' motion for summary judgment dismissing the negli-
gence and Federal civil rights actions, but granted partial
summary judgment in plaintiff's favor on the section 50-b
cause of action. We modify that order to grant summary
judgment dismissing the section 50-b claim.

It is clear from legislative history that, in enacting section
50-b of the Civil Rights Law, the Legislature did not intend to
create a private cause of action for a violation of that statute
(cf., Simpson v New York City Tr. Auth., 112 AD2d 89, affd 66
NY2d 1010; Carpenter v City of Plattsburgh, 105 AD2d 295,
affd 66 NY2d 791 [no private cause of action for violation of

section 50-a of Civil Rights Law]). The principal purpose of the legislation was to protect the privacy of sex crime victims who are minors by giving public officers authority to refuse to disclose the identity of victims; "[t]he bill also does not impose any penalty for violation of its provisions" (letter to Governor's Counsel from Senator Stafford, Bill Jacket, L 1979, ch 656). The private cause of action for violation of section 50-b was created by the enactment of Civil Rights Law § 50-c in 1991 (L 1991, ch 251), which became effective on July 31, 1991, more than a year after commencement of the instant action. Because there is no clear expression that the Legislature intended section 50-c to have retroactive application, we conclude that the statute is to be applied prospectively (see, *Gleason v Gleason,* 26 NY2d 28, 36; *Guadagno v Baltimore & Ohio R. R. Co.,* 155 AD2d 981), and that plaintiff's section 50-b cause of action should have been dismissed.

Supreme Court properly dismissed plaintiff's section 1983 cause of action against defendants Phelan and the Town of Greece. Because neither case law nor statute clearly establishes that a sex crime victim's constitutional right to privacy is violated by the disclosure of her identity, defendant Phelan's discretionary determination to provide plaintiff's deposition to the Town Board, which was considering disciplinary action against plaintiff's father, was entitled to qualified immunity (see, *Davis v Scherer,* 468 US 183, 194; *Shabazz v Coughlin,* 852 F2d 697, 700-702). Further, because the record failed to establish the existence of a municipal policy by the Town Board that police reports would be turned over to it by the police department, plaintiff's section 1983 cause of action must fail (see generally, *Monell v New York City Dept. of Social Servs.,* 436 US 658, 691; see also, *Pembaur v Cincinnati,* 475 US 469). Indeed, by resolution dated April 5, 1988, the Town Board established that whether the Town police would release to the Board, upon request, investigatory information was a determination to be made by the Chief of Police.

All concur, except Doerr and Balio, JJ., who dissent in part, in the following Memorandum.

Doerr and Balio, JJ. (dissenting in part). We agree with the majority that plaintiff's cause of action alleging a violation of section 50-b of the Civil Rights Law should have been dismissed. We cannot agree, however, with the majority's conclusion that plaintiff's Federal civil rights action was properly dismissed, and thus, we respectfully dissent.

For several years, courts have recognized an individual's

constitutional right of privacy in avoiding the disclosure of personal matters (see, *Whalen v Roe,* 429 US 589, 598-599; *see also, Nixon v Administrator of Gen. Servs.,* 433 US 425, 457-458; *Fadjo v Coon,* 633 F2d 1172, 1175-1176; *Doe v Borough of Barrington,* 729 F Supp 376, 382), including information supplied to the police during a criminal investigation (see, e.g., *Fadjo v Coon, supra,* at 1175-1176; *McCambridge v City of Little Rock,* 298 Ark 219, 766 SW2d 909, 913-915). The confidentiality of a complainant's identity in an intrafamilial sexual abuse matter clearly is protected by that constitutional right.

There is no merit to defendant Phelan's assertion of qualified immunity. As a general rule, government officials performing discretionary functions are immune from liability for damages when they act in good faith and their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known (*Harlow v Fitzgerald,* 457 US 800, 818). Further, where liability is predicated upon the violation of a statute, the statute must itself be actionable or it must bear upon the constitutional right asserted by plaintiff (see, *Davis v Scherer,* 468 US 183, 194, n 12). In the subject case, no private cause of action existed when defendants committed the alleged violation of Civil Rights Law § 50-b. That statute, however, unambiguously "bears" upon the constitutional right of privacy in the confidentiality of plaintiff's identity, and a reasonable person in Phelan's position clearly should have been aware of plaintiff's right of confidentiality. Because the disclosure of plaintiff's identity violated section 50-b and because factual issues exist whether Phelan acted in good faith by making that disclosure, defendant Phelan was not entitled to summary judgment dismissing the Federal civil rights action.

The Town's contention that it is immune from liability because Phelan did not act pursuant to approved Town policy is devoid of merit. It is settled law that municipal liability may be imposed for a single decision by municipal policymakers (see, *Pembaur v Cincinnati,* 475 US 469, 480-481; *Owen v City of Independence,* 445 US 622; *Little v City of N. Miami,* 805 F2d 962). Phelan candidly acknowledges that he produced the supporting deposition to the Town Board, the legislative and policymaking body of the Town, because the Board directed him to do so. That single directive furnishes a sufficient basis for imposition of liability upon the Town (see, *Pembaur v Cincinnati, supra).* Accordingly, we would grant plaintiff's cross motion for partial summary judgment on her Federal

civil rights cause of action against the Town and would deny the motion and cross motion for summary judgment on that same cause of action as against defendant Phelan. (Appeal from Order of Supreme Court, Monroe County, Rose, J.— Summary Judgment.) Present—Callahan, J. P., Doerr, Green, Balio and Lawton, JJ.