■ In the Matter of LAMONTE JOHNSON, Appellant, v CHARLES J. HYNES, Respondent. [695 NYS2d 380] —In a proceeding pursuant to CPLR article 78 to compel the production of certain documents pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Greenstein, J.), dated March 9, 1998, as denied that branch of his petition which was to compel the production of the statements of witnesses who did not testify at his trial and the eyewitness's "cooperation agreement".

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The petitioner was convicted of two counts of murder in the second degree based, in part, upon the testimony of an eyewitness (*see, People v Johnson,* 170 AD2d 535). The petitioner subsequently commenced this proceeding pursuant to CPLR article 78 to obtain, pursuant to the Freedom of Information Law (Public Officers Law art 6) (hereinafter FOIL), among other things, disclosure of the statements of witnesses who did not testify at his trial, as well as the eyewitness's cooperation agreement. Contrary to the petitioner's contention, the statements of nontestifying witnesses are confidential and not disclosable under FOIL (*see,* Public Officers Law § 87 [2] [e] [iii]; *Matter of Moore v Santucci,* 151 AD2d 677; *Matter of Spencer v New York State Police,* 187 AD2d 919).

The appellant's remaining contentions are without merit. Altman, J. P., Friedmann, McGinity and Schmidt, JJ., concur.