OPINION OF THE COURT
Andrew P. Bivona, J.
This is an application by the petitioner for two subpoenas duces tecum, pursuant to CPLR 2307, requiring both the Orange County Department of Social Services and the Orange County Department of Probation to provide records concerning the respondents. The application was brought on by way of notice of motion returnable in this court on April 17, 2006. At that time the attorney for the petitioner, the petitioner, the attorney for the respondent Kathleen K., Kathleen K., and the attorney for the respondent Michael K. appeared. Michael K. did not appear. The Orange County Department of Social Services did not oppose the application and submitted the requested documents. The Orange County Department of Probation did not appear but through its attorney, the Orange County Department of Law, submitted an affirmation in opposition and memorandum of law in support of its position. The motion was marked granted in part and decision reserved in part.
The underlying proceeding is a custody proceeding. The petitioner and the respondent, Michael K., are the parents of twin boys, D.K. and M.K. The respondent Kathleen K., paternal grandmother, had custody of the boys. Tragically, on Thanksgiving Day of 2005, D.K. was killed during a hunting expedition. He was with his brother, his uncle and his paternal grandfather at the time of the accident. Allegedly, the 13-year-old twins were “driving” the deer toward the grandfather and uncle when D.K. was shot. Medical aid was allegedly not sought for approximately IV2 hours and D.K. died as a result of his wound. At that time there was pending a petition for custody brought by the children’s mother, Tonia E.-A. Subsequent to D.K.’s death, the respondent father, Michael K., also filed for custody. The paternal grandfather has been indicted and an abuse and neglect proceeding has been filed against both grandparents, the parents and the father’s current wife.
The respondent father, Michael K., was previously convicted of endangering the welfare of a child in the Port Jervis City *830 Court. In connection with that proceeding, there was also a proceeding in the Orange County Family Court regarding the child who was the subject of the criminal prosecution. That child is Michael K.’s current wife’s biological daughter, his stepdaughter. The basis of the allegations in both the criminal prosecution and the Family Court case were of a sexual nature. The Orange County Department of Probation opposes the application for a subpoena duces tecum to obtain the psychological/ psychiatric evaluation in its possession which addresses the issue of whether Michael K. is a recidivist risk. In opposing the application the Department of Probation relies on Civil Rights Law § 50-b.
Civil Rights Law § 50-b, as applicable, provides:
“1. The identity of any victim of a sex offense, as defined in article one hundred thirty or section 255.25 of the penal law, or of an offense involving the alleged transmission of the human immunodeficiency virus, shall be confidential. No report, paper, picture, photograph, court file or other documents, in the custody or possession of any public officer or employee, which identifies such a victim shall be made available for public inspection. No such public officer or employee shall disclose any portion of any police report, court file, or other document, which tends to identify such a victim except as provided in subdivision two of this section.
“2. The provisions of subdivision one of this section shall not be construed to prohibit disclosure of information to: . . .
“c. Any person or agency, upon written consent of the victim or other person legally responsible for the care of the victim, except as may be otherwise required or provided by the order of a court.” (Emphasis added.)
The circumstances presented in the underlying proceeding make this application unique. A review of the case law arising under this section does not disclose any decisions where the underlying matter is a custody action. Indeed, all of the case law addresses issues of postconviction Freedom of Information Law requests by convicted defendants (Matter of Fappiano v New York City Police Dept., 95 NY2d 738 [2001]) and applications by media representatives for access to records. As stated by the Fourth Department in DiPalma v Phelan (179 AD2d 1009, 1010 [1992]): “The principal purpose of the legislation *831 was to protect the privacy of sex crime victims who are minors by giving public officers authority to refuse to disclose the identity of victims . . . The Court of Appeals has determined that a convicted defendant does not fall into the exception for persons “charged” under Civil Rights Law § 50-b (2) (a) (Fappiano v New York City Police Dept., supra) as there is a conviction. In that same case, the Court of Appeals also held that it is irrelevant in a postconviction proceeding where the convicted defendant also asserts knowledge of the victim as a basis for disclosure of documents. “The original goal of Civil Rights Law § 50-b, which is to protect the privacy of sex crime victims, cannot be negated by a litigant’s assertion that he knows the identity of the victim.” (Fappiano v New York City Police Dept., supra at 748 [citations omitted].)
This is a totally different type of case. Here the records are sought by the petitioner mother to aid the court in its determination of the best interests of a child who has recently witnessed the death of his twin by acts of his grandfather. The court finds that the exception created under section 50-b (2) (c) of the Civil Rights Law is applicable here. As set forth above, that exception permits a court to order disclosure of the information. It is certainly germane in determining the best interests of M.K. to review both the circumstances of the alleged crime committed by his father and the psychological/psychiatric report as to Michael K.’s risk of recidivism.
Accordingly, this court will direct that the subpoena issue and that the Orange County Department of Probation comply with the subpoena duces tecum forthwith and deliver the subpoenaed materials to the court’s chambers. At that time the court will review the records and redact the information identifying the victim as appropriate (Matter of Radio City Music Hall Prods. [New York City Police Dept.], 121 AD2d 230 [1st Dept 1986]).