In the Matter of LEON NEWMAN et al., Appellants, et al., Petitioner, v ERIC R. DINALLO, Respondent. [892 NYS2d 500]—

In this proceeding, the appellants seek to compel the respondent, Eric R. Dinallo, Superintendent, Insurance Department of the State of New York, to disclose information pursuant to their

"request for information" dated August 1, 2008, which consisted of 21 items, and which had been submitted to the respondent by George Nager, the attorney who represented the petitioners in connection with an insurance matter. With three possible exceptions (items 2, 10, and 16), the 21 items set forth in Nager's "request for information" did not demand production of any particular record, document, or any other type of information kept "in physical form" (Public Officers Law § 86 [4]) but, instead, requested that the respondent formulate responses to certain direct questions. The petition, dated October 3, 2008, alleged that the respondent had not responded to Nager's August 1, 2008, "request for information" at all even though, on or about September 24, 2008, the respondent had, in fact, disclosed certain documents to Nager.

In general, requests under the Freedom of Information Act (Public Officers Law art 6) must "reasonably describe[ ]" the record sought (Public Officers Law § 89 [3] [a]; *see Matter of Konigsberg v Coughlin,* 68 NY2d 245, 248-250 [1986]; *Matter of M. Farbman & Sons v New York City Health & Hosps. Corp.,* 62 NY2d 75, 82-83 [1984]; *Matter of Coalition of Landlords, Homeowners & Merchants, Inc. v Town of Brookhaven,* 33 AD3d 914 [2006]; *Matter of Roque v Kings County Dist. Attorney's Off.,* 12 AD3d 374 [2004]). With the three exceptions noted above, the August 1, 2008, "request for information" did not request the production of *any* particular record, much less one that had been "reasonably described." The respondent advised that it had no document responsive to item 16; the documents that were produced include those that were responsive to items 2 and 10.

Many documents appear to have been produced gratuitously, even though they did not correspond to any particular request. Although the respondent invoked the "trade secret" exemption in connection with item 21 (Public Officers Law § 87 [2] [d]), this, too, was gratuitous because item 21 of Nager's August 1, 2008, demand did not call for the production of any specific document. Therefore, we need not decide whether the respondent met its burden of demonstrating the applicability of the "trade secret" exemption (*cf. Matter of Markowitz v Serio,* 11 NY3d 43, 51 [2008]).

The appellants were not entitled to an award of an attorney's fee (*see* Public Officers Law § 89 [4] [c]), and their motion, made jointly with the petitioner Pauline Nager, to disqualify the attorney general was without merit. Mastro, J.P., Belen, Hall and Austin, JJ., concur. **[Prior Case History: 22 Misc 3d 1134(A), 2009 NY Slip Op 50422(U).]**