■ In the Matter of JOHN AIANI, Appellant, v DANIEL M. DONOVAN, JR., Respondent. [950 NYS2d 745]—

Appeal by the petitioner from (1) an order of the Supreme Court, Richmond County (Rooney, J.), dated February 9, 2011, which denied his motion pursuant to CPL 190.25 (4) for the disclosure of certain banking records in the possession of the District Attorney of Richmond County, and (2) an order of the same court dated October 5, 2011, which denied his motion for leave to renew and reargue his prior motion.

Ordered that the appeal from so much of the order dated October 5, 2011, as denied that branch of the petitioner's motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal from so much of the order dated October 5, 2011, as denied that branch of the petitioner's motion which was for leave to renew is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated February 9, 2011; and it is further,

Ordered that the order dated February 9, 2011, is reversed, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, and the petitioner's motion pursuant to CPL 190.25 (4) for the disclosure of certain banking records in the possession of the District Attorney of Richmond County is granted.

The petitioner, a real estate investor, allegedly was the victim of a "Ponzi" scheme perpetrated by Kimberly Rabins and her company, Rabins & Ismael, Inc. (hereinafter R & I). The petitioner, along with two other allegedly defrauded investors, commenced an action in the Supreme Court, New York County, against, among others, Rabins and R & I. Rabins and R & I defaulted by failing to appear for a deposition. Thereafter, pursuant to a stipulation of settlement, the Supreme Court, New York County, entered a judgment in favor of the plaintiffs in that action and against Rabins and R & I in the amount of $2,000,000.

Meanwhile, in the course of investigating Rabins and R & I, the Richmond County District Attorney's Office (hereinafter the District Attorney's Office) sought the assistance of the United States Department of Justice in obtaining certain banking records of Rabins and R & I which were held by banks located in the United Arab Emirates. The records, the District Attorney's Office later indicated, were requested in connection with a pending grand jury investigation. Ultimately, the requested records (hereinafter the subject banking records) were forwarded to the District Attorney's Office.

The petitioner moved pursuant to CPL 190.25 (4) for the disclosure of the subject banking records. The Supreme Court denied the motion, concluding that the petitioner had not demonstrated a compelling and particularized need for the subject banking records. The petitioner moved for leave to renew and reargue his prior motion, and the Supreme Court also denied that motion.

Contrary to the petitioner's contention, the subject banking records, although not produced pursuant to a grand jury subpoena, and not entered into evidence before the grand jury, are, under the circumstances, the type of evidence that may not be disclosed without a court order pursuant to CPL 190.25 (4) (*see Sanchez v City of New York*, 201 AD2d 325, 326 [1994]; *Melendez v City of New York*, 109 AD2d 13, 20-21 [1985]). Thus, in order to be entitled to the disclosure of the subject banking records, the petitioner first had to show a compelling and particularized need for access to them (*see Matter of District Attorney of Suffolk County*, 58 NY2d 436, 444 [1983]; *Matter of Po-*

*lice Commr. of City of N.Y. v Victor W.*, 37 AD3d 722 [2007]). Only then, once that threshold showing has been made, will the court balance various factors to determine whether the public interest in secrecy of the grand jury is outweighed by the public interest in disclosure (*see People v Robinson*, 98 NY2d 755, 756 [2002]; *Matter of District Attorney of Suffolk County*, 58 NY2d at 443-444; *People v Di Napoli*, 27 NY2d 229, 234-235 [1970]). The decision as to whether to permit disclosure is committed to the Supreme Court's discretion (*see People v Di Napoli*, 27 NY2d at 234; *People v Eun Sil Jang*, 17 AD3d 693, 694 [2005]).

Here, the subject banking records will assist the petitioner in locating his money and those who might have received it. A compelling public interest exists in assisting those who have been defrauded, and in deterring others who might engage in fraudulent conduct in the future (*see Matter of District Attorney of Suffolk County*, 58 NY2d at 444; *SSAC, Inc. v Infitec, Inc.*, 198 AD2d 903 [1993]; *Matter of Aswad v Hynes*, 80 AD2d 382, 385 [1981]). Moreover, the petitioner has demonstrated that this information cannot be obtained from other sources (*see Matter of District Attorney of Suffolk County*, 58 NY2d at 444; *Matter of Lustberg v Curry*, 235 AD2d 615 [1997]; *Matter of City of Buffalo [Cosgrove]*, 57 AD2d 47, 51 [1977]). According to the District Attorney's Office, Rabins has fled the United States and will not comply with a lawful discovery order, and the subject banking records are maintained by foreign banks that are not subject to the subpoena power of the Supreme Court. Indeed, the District Attorney's Office acknowledges, in its brief on appeal, that the petitioner demonstrated a compelling and particularized need for the subject banking records.

A discretionary balancing of the public interest in disclosure against the public interest in secrecy of the grand jury favors disclosure here (*see Matter of District Attorney of Suffolk County*, 58 NY2d at 443-444; *Matter of Police Commr. of City of N.Y. v Victor W.*, 37 AD3d at 722). As the District Attorney's Office concedes, none of the reasons for maintaining secrecy in grand jury proceedings is implicated (*see People v Di Napoli*, 27 NY2d at 235; *cf. Matter of City of Buffalo [Cosgrove]*, 57 AD2d at 50). Accordingly, the Supreme Court should have granted the petitioner's motion pursuant to CPL 190.25 (4) for the disclosure of the subject banking records.

In light of our determination, the petitioner's contentions concerning the denial of that branch of his motion which was for leave to renew his prior motion have been rendered academic. Rivera, J.P., Chambers, Austin and Roman, JJ., concur.