In the Matter of WILLIAM BROWN, Appellant, v JANET DIFIORE, District Attorney, County of Westchester, et al., Respondents. [33 NYS3d 327]—

In a proceeding pursuant to CPLR article 78 to compel the production of certain documents pursuant to the Freedom of Information Law (Public Officers Law § 84 *et seq.*), the petitioner appeals from a judgment of the Supreme Court, Westchester County (Cacace, J.), entered October 24, 2013, which denied the petition and dismissed the proceeding.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the petition which sought a copy of a specified 911 tape, and substituting therefor a provision granting that branch of the petition; as so modified, the judgment is affirmed, without costs or disbursements.

On October 4, 2001, the petitioner stabbed someone during an altercation outside a bar in White Plains. He was later convicted of assault in the first degree and criminal possession of a weapon in the third degree. This Court affirmed his conviction (*see People v Brown*, 7 AD3d 535 [2004]). By letter dated May 22, 2012, the petitioner made a request pursuant to the Freedom of Information Law (hereinafter FOIL) (*see* Public Officers Law § 84 *et seq.*) of the Office of the Westchester County District Attorney for documents and other material pertaining to his case. After being provided with some, but not all, of the requested material, the petitioner commenced this proceeding pursuant to CPLR article 78. The Supreme Court denied the petition and dismissed the proceeding.

FOIL "requires that state and municipal agencies 'make available for public inspection and copying all records,' subject to certain exemptions" (*Matter of Madera v Elmont Pub. Lib.*, 101 AD3d 726, 727 [2012], quoting Public Officers Law § 87 [2]; *see Matter of Data Tree, LLC v Romaine*, 9 NY3d 454, 462 [2007]; *Matter of Friedman v Rice*, 134 AD3d 826, 828 [2015], *lv granted* 27 NY3d 903 [2016]; *Matter of Cook v Nassau County Police Dept.*, 110 AD3d 718, 719 [2013]). "Exemptions are to be narrowly construed to provide maximum access, and the agency seeking to prevent disclosure carries the burden of demonstrating that the requested material falls squarely within a FOIL exemption by articulating a particularized and specific justification for denying access" (*Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562, 566 [1986]; *see Matter of Town of Waterford v New York State Dept. of Envtl. Conservation*, 18 NY3d 652, 657 [2012]; *Matter of Data Tree, LLC v Romaine*, 9 NY3d at 462; *Matter of Friedman v Rice*, 134 AD3d at 828; *Matter of Madera v Elmont Pub. Lib.*, 101 AD3d at 727).

Here, under the particular circumstances, the respondents met their burden of demonstrating that the statements and other documents containing information provided to law enforcement officials during the criminal investigation by witnesses who did not testify at trial were exempt from disclosure under Public Officers Law § 87 (2) (e) (iii). Thus, the documents sought by the petitioner, which contain statements of nontestifying witnesses, are not disclosable under FOIL.

The Supreme Court did not err in denying the petition without conducting an in camera examination of the respondents' files. In light of the respondents' certification that no such documents were in their file, as well as their prior turnover of numerous documents, the petitioner's conjecture

and speculation as to the existence of undisclosed witness statements and latent print reports are insufficient to raise a factual question as to whether the respondents failed to turn over these documents (*see Matter of Sorce v Noll*, 250 AD2d 770, 770-771 [1998]).

In general, requests under FOIL must "reasonably describe[ ]" the record sought (Public Officers Law § 89 [3] [a]; *see Matter of Konigsberg v Coughlin*, 68 NY2d 245, 248-250 [1986]; *Matter of M. Farbman & Sons v New York City Health & Hosps. Corp.*, 62 NY2d 75, 82-83 [1984]; *Matter of Newman v Dinallo*, 69 AD3d 636 [2010]; *Matter of Coalition of Landlords, Homeowners & Merchants, Inc. v Town of Brookhaven*, 33 AD3d 914 [2006]; *Matter of Roque v Kings County Dist. Attorney's Off.*, 12 AD3d 374 [2004]). The petitioner's request for "unusual occurrence addendums" and "scratch sheets" did not reasonably describe the records sought and was properly denied.

Finally, although the Office of the Westchester County District Attorney previously agreed to provide the petitioner with a certain 911 tape, the petitioner claims that he has not yet received it. Accordingly, the Supreme Court should have granted that branch of the petition which sought a copy of that tape (*see People v Rosario*, 9 NY2d 286 [1961]; *People v Vanderhorst*, 117 AD3d 1197, 1200 [2014]; *People v Wine*, 279 AD2d 424 [2001]; *People v Buie*, 201 AD2d 156, 159-160 [1994], *affd* 86 NY2d 501 [1995]). Dillon, J.P., Chambers, Barros and Brathwaite Nelson, JJ., concur.