■ In the Matter of JUAN ORTIZ, Appellant, v FREDERICK T. ZUGIBE et al., Respondents. [41 NYS3d 125]—

In a proceeding pursuant to CPLR article 78 to compel the production of certain documents pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Rockland County (Garvey, J.), dated March 25, 2014, as denied that branch of the petition which sought production of documents from the office of the Rockland County District Attorney.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The petitioner is currently incarcerated pursuant to a judgment of conviction rendered January 16, 2003. In order to pursue certain post-conviction relief, the petitioner sought

certain documents and evidence from, among others, the office of the Rockland County District Attorney pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL). After being provided with some, but not all, of the requested material, the petitioner commenced this proceeding pursuant to CPLR article 78 to compel the production of the withheld material. The Supreme Court denied that branch of the petition which sought the disclosure of statements made by nontestifying witnesses in connection with the petitioner's criminal case. The petitioner appeals.

"FOIL requires that state and municipal agencies 'make available for public inspection and copying all records,' subject to certain exemptions" (*Matter of Madera v Elmont Pub. Lib.*, 101 AD3d 726, 727 [2012], quoting Public Officers Law § 87 [2]; *see Matter of Data Tree, LLC v Romaine*, 9 NY3d 454, 462 [2007]; *Matter of Brown v DiFiore*, 139 AD3d 1048 [2016]; *Matter of Friedman v Rice*, 134 AD3d 826, 828 [2015]). "Exemptions are to be narrowly construed to provide maximum access, and the agency seeking to prevent disclosure carries the burden of demonstrating that the requested material falls squarely within a FOIL exemption by articulating a particularized and specific justification for denying access" (*Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562, 566 [1986]; *see Matter of Town of Waterford v New York State Dept. of Envtl. Conservation*, 18 NY3d 652, 657 [2012]; *Matter of Data Tree, LLC v Romaine*, 9 NY3d at 462; *Matter of Friedman v Rice*, 134 AD3d at 828; *Matter of Madera v Elmont Pub. Lib.*, 101 AD3d at 727).

Here, since statements of nontestifying witnesses are confidential and are not disclosable under FOIL, the Supreme Court properly denied that branch of the petition which sought the disclosure of those statements (*see* Public Officers Law § 87 [2] [e] [iii]; *Matter of Zarvela v Banks*, 117 AD3d 1070, 1071 [2014]; *Matter of Esposito v Rice*, 67 AD3d 797, 797-798 [2009]).

The petitioner's remaining contentions are without merit. Dillon, J.P., Dickerson, Duffy and Connolly, JJ., concur.