In the Matter of ROBERT O. RIPP, Respondent, v TOWN OF OYSTER BAY et al., Appellants. [33 NYS3d 375]—

In a proceeding pursuant to CPLR article 78, inter alia, to compel the production of certain documents pursuant to the Freedom of Information Law (Public Officers Law art 6), the Town of Oyster Bay, the Town Board of the Town of Oyster Bay, John Venditto, James Altadonna, Jr., and Leonard Genova appeal from so much of a judgment of the Supreme Court, Nassau County (K. Murphy, J.), entered April 1, 2014, as, in effect, failed to require the petitioner to prepay certain estimated costs as a condition of producing the subject documents for inspection.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The petitioner requested that the Town of Oyster Bay make certain documents available for inspection pursuant to the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]). The Town conditioned disclosure of the subject documents upon the prepayment of $1,920 to cover the estimated costs associated with producing the documents. Thereafter, the petitioner commenced this CPLR article 78 proceeding, inter alia, to compel the Town to comply with his FOIL request. The Supreme Court directed the petitioner and the Town to arrange for a date or dates upon which the petitioner could inspect the subject documents, but it failed to require the petitioner to prepay the estimated costs associated with producing them.

FOIL requires state and municipal agencies to make available for public inspection and copying all records, subject to certain exemptions (see Matter of Friedman v Rice, 134 AD3d 826, 828 [2015], lv granted 27 NY3d 903 [2016]; Matter of Madera v Elmont Pub. Lib., 101 AD3d 726, 727 [2012]). Where an agency conditions disclosure upon the prepayment of costs or refuses to disclose records except upon prepayment of costs, it has the burden of "articulating a particularized and specific justification" for the imposition of those fees (Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562, 566 [1986]; cf. Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 462-463 [2007]; Matter of Verizon N.Y., Inc. v Mills, 60 AD3d

958, 959 [2009]). Specifically, the agency must demonstrate that the fees to be imposed are authorized by the cost provisions of FOIL (*see* Public Officers Law § 87 [1] [c]; *Matter of Weslowski v Vanderhoef*, 98 AD3d 1123, 1129 [2012]). This burden must be met "in more than just a plausible fashion" (*Matter of Data Tree, LLC v Romaine*, 9 NY3d at 462 [internal quotation marks omitted]; *see Matter of County of Suffolk v Long Is. Power Auth.*, 119 AD3d 940, 942 [2014]).

In this case, the Town failed to meet this burden. The only evidence in the record that justified the imposition of costs was a letter to the petitioner stating that it would take a Town employee a minimum of eight weeks, at $240 per week, to review 2,500-3,000 files to identify the records available for inspection. Although an agency may charge for employee time spent extracting or segregating data from an electronic database (*see* Public Officers Law § 87 [1] [c]), FOIL does not permit an agency to charge for employee time spent searching for paper documents (*see Matter of Weslowski v Vanderhoef*, 98 AD3d at 1130). Here, the Town failed to demonstrate that the prepayment costs were properly based upon employee time related to retrieving electronic files, rather than a manual search of hard copies for which the Town's recoupment costs are limited to 25¢ per photocopy (*see* Public Officers Law § 87 [1] [b] [iii]). The Town's remaining contentions are without merit. Accordingly, the Supreme Court properly directed the Town to make the subject documents available for the petitioner's inspection without the prepayment of costs. Rivera, J.P., Austin, Roman and Cohen, JJ., concur.