# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1304**
**CA 16-00695**
PRESENT: WHALEN, P.J., CENTRA, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

BRADFORD PETTIT, INDIVIDUALLY AND AS EXECUTOR
OF THE ESTATE OF ROSE V. PETTIT, DECEASED, AND
LONNIE KAPFER, PLAINTIFFS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

COUNTY OF LEWIS AND BOARD OF LEGISLATORS FOR
COUNTY OF LEWIS, DEFENDANTS-RESPONDENTS.

---

CONBOY, MCKAY, BACHMAN & KENDALL, LLP, CANTON (SCOTT B. GOLDIE OF
COUNSEL), FOR PLAINTIFFS-APPELLANTS.

BARCLAY DAMON, LLP, SYRACUSE (ANDREW J. LEJA OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

-------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Lewis County (Peter A. Schwerzmann, A.J.), entered July 1, 2015. The order, inter alia, denied the motion of plaintiffs for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this hybrid CPLR article 78 proceeding and declaratory judgment action, plaintiffs appeal from an order that, inter alia, denied their motion for summary judgment seeking a declaration that two local laws that permitted all-terrain vehicles to access county roads were null and void because they violate Vehicle and Traffic Law § 2405 (1). We affirm. We note at the outset that, inasmuch as the sole challenge is to the validity of the legislative enactments, "this is properly only a declaratory judgment action" (*Parker v Town of Alexandria*, 138 AD3d 1467, 1467). We further note that plaintiffs have abandoned any contention that Supreme Court erred in granting that part of defendants' cross motion for summary judgment dismissing the complaint as asserted by plaintiff Bradford Pettit, individually and as executor of the estate of Rose V. Pettit, on the ground that he lacks standing, inasmuch as they have not raised that contention on appeal (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984). The contention of Lonnie Kapfer (plaintiff) that he is entitled to summary judgment based upon the doctrine of law of the case is not preserved for our review (*see Matter of Piccillo*, 43 AD3d 1344, 1344). In any event, we conclude that plaintiff's contention lacks merit because the doctrine "applies only to legal determinations that were necessarily resolved on the merits in a prior decision" (*Town of Angelica v Smith*, 89 AD3d 1547, 1550 [internal quotation marks

omitted]), and here the prior legal determinations relied upon by plaintiff were not resolved on the merits.  Furthermore, even assuming, arguendo, that plaintiff met his initial burden of establishing his entitlement to judgment as a matter of law (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562), viewing the evidence in the light most favorable to defendants, as we must (*see Russo v YMCA of Greater Buffalo*, 12 AD3d 1089, 1089, *lv dismissed* 5 NY3d 746), we conclude that defendants raised triable issues of fact whether their legislative actions violate Vehicle and Traffic Law § 2405 (1).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court