Matter of Kirsch v Board of Educ. of Williamsville Cent. Sch. Dist. (2020 NY Slip Op 03298)





Matter of Kirsch v Board of Educ. of Williamsville Cent. Sch. Dist.


2020 NY Slip Op 03298


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND BANNISTER, JJ.


63 CA 19-01300

[*1]IN THE MATTER OF KIM A. KIRSCH AND MICHAEL A. STARVAGGI, PETITIONERS-RESPONDENTS,
v
BOARD OF EDUCATION OF WILLIAMSVILLE CENTRAL SCHOOL DISTRICT AND WILLIAMSVILLE CENTRAL SCHOOL DISTRICT, RESPONDENTS-APPELLANTS. 






GOLDBERG SEGALLA LLP, BUFFALO (CHRISTOPHER P. MAUGANS OF COUNSEL), FOR RESPONDENTS-APPELLANTS.


 Appeal from an order of the Supreme Court, Erie County (James H. Dillon, J.), entered December 13, 2018. The order, among other things, granted petitioners' motion to deny respondents' imposition of costs related to petitioners' request pursuant to the Freedom of Information Law. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondents appeal from an order that, among other things, granted petitioners' motion seeking to deny the imposition of costs related to petitioners' request pursuant to the Freedom of Information Law ([FOIL] Public Officers Law art 6) and denied without prejudice petitioners' motion seeking attorney's fees and other litigation costs. We affirm.
Contrary to respondents' contention, Supreme Court properly determined that respondents failed to demonstrate sufficient justification for the costs sought to be imposed under Public Officers Law § 87 (1). "Where, as here, an agency conditions disclosure upon the prepayment of costs or refuses to disclose records except upon prepayment of costs, it has the burden of articulating a particularized and specific justification' for the imposition of those fees" (Matter of Weslowski v Vanderhoef, 98 AD3d 1123, 1129 [2d Dept 2012], lv dismissed 20 NY3d 995 [2013], quoting Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562, 566 [1986]; see Matter of Ripp v Town of Oyster Bay, 140 AD3d 775, 775-776 [2d Dept 2016]). "Specifically, the agency must demonstrate that the fees to be imposed are authorized by the cost provisions of FOIL" (Weslowski, 98 AD3d at 1129), and respondents failed to meet that burden here (see generally § 87 [1] [c] [iii], [iv]).
Respondents' further contention that the court should have denied with prejudice petitioners' motion seeking attorney's fees and other litigation costs is without merit. Even without deciding whether the former or amended provisions of Public Officers Law § 89 (4) (c) are applicable here, we conclude that the court properly determined that it remained an open question at this stage in the litigation whether petitioners would fulfill the statutory requirement of "substantially prevail[ing]" in the proceeding. Respondents' related contention that the law of the case doctrine precludes the court from granting attorney's fees and other litigation costs to petitioners also lacks merit. "[T]he doctrine applies only to legal determinations that were necessarily resolved on the merits in a prior decision," and that is not the case here (Pettit v County of Lewis, 145 AD3d 1650, 1651 [4th Dept 2016] [internal quotation marks omitted]).
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court