Riley v State of New York (2024 NY Slip Op 01647)

Riley v State of New York

2024 NY Slip Op 01647

Decided on March 22, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, GREENWOOD, NOWAK, AND KEANE, JJ.

204 CA 23-00037

[*1]ELIZABETH L. RILEY, AS EXECUTOR OF THE ESTATES OF JOHN LETO AND JEANNE LETO, DECEASED, CLAIMANT-RESPONDENT,
v
STATE OF NEW YORK AND NEW YORK STATE THRUWAY AUTHORITY, DEFENDANTS-APPELLANTS. (CLAIM NO. 122520.) 

LETITIA JAMES, ATTORNEY GENERAL, ALBANY (FREDERICK A. BRODIE OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
 

 Appeal from an order of the Court of Claims (Diane L. Fitzpatrick, J.), entered November 28, 2022. The order granted claimant's motion for partial summary judgment on the issue of liability and ordered a trial on the issue of damages. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the motion is denied.
Memorandum: In this action sounding in de facto taking, defendants appeal from an order that granted claimant's motion for partial summary judgment on the issue of liability and ordered a trial on the issue of damages. We agree with defendants that the order must be reversed.
In August 2011, defendant State of New York closed and barricaded the Lock 7 Bridge in Oswego, which provided land access to claimant's real property—used for a family fishing business—on Leto Island. The bridge was closed due to structural safety concerns, and the Lock 7 operations were moved to the eastern side of the canal. After claimant filed an amended claim, defendants moved to dismiss it. In its order denying defendants' motion to dismiss, the Court of Claims expressly declined to treat the motion as one for summary judgment, but the court nevertheless wrote that "the closure of the Lock 7 Bridge . . . deprived claimant of her sole means of legal access to her property, thereby establishing her claim for a de facto appropriation."
After discovery, claimant moved for partial summary judgment on the issue of liability; defendants opposed the motion. The court refused to consider defendants' proof in opposition to the motion, reasoning that any question as to whether claimant had a right of access to the bridge or whether suitable alternate access to the island existed had already been adjudicated in claimant's favor when the court denied defendants' motion to dismiss.
It is well settled that the law of the case doctrine "applies only to legal determinations that were necessarily resolved on the merits in a prior decision" (Pettit v County of Lewis, 145 AD3d 1650, 1651 [4th Dept 2016] [internal quotation marks omitted]), and that a court's order denying a motion to dismiss is "addressed to the sufficiency of the pleadings" and does not "establish the law of the case for the purpose of" motions for summary judgment (Dischiavi v Calli, 111 AD3d 1258, 1261 [4th Dept 2013] [internal quotation marks omitted]). We thus agree with defendants that the court erred in refusing to consider defendants' proof in opposition to the motion. We further agree with defendants that in opposition to claimant's motion, defendants raised triable issues of fact whether claimant had a legal right of access to the bridge and whether the bridge [*2]was the only suitable means of access to claimant's property (see generally Weaver v Town of Rush, 1 AD3d 920, 923-924 [4th Dept 2003]; Gengarelly v Glen Cove Urban Renewal Agency, 69 AD2d 524, 526-527 [2d Dept 1979]).
Entered: March 22, 2024
Ann Dillon Flynn
Clerk of the Court